TEAGUE *v.* STATE, 39 Miss. R., 516.

### FORFEITURE OF RECOGNIZANCE.

After the expiration or repeal of a law, no penalty can be enforced nor punishment inflicted for violations of it committed while it was in force, unless some special provision be made for that purpose by statute, and penalties incurred under such repealed

or expired statute must be collected before, and cannot be collected after the repeal or expiration of it.

T. was indicted for selling liquors in violation of a statute which prohibited the sale of vinous and spirituous liquors within a certain locality, in any quantity whatever; he entered into recognizance for his appearance, which he forfeited, and judgment *nisi* was entered against him and his sureties. The act under which he was indicted was then repealed, but the repealing act provided that, "it should not be so construed as to release or discharge from punishment any one who had violated the act intended to be repealed, by selling vinous and spirituous liquors in less quantities than one gallon." *Held,* That this last act must be construed so as to save a prosecution under the first act, although the indictment did not charge the sale in less quantities than a gallon, and that on a trial of that indictment after the date of the repealing act, the state would be held to prove that the sale was in less quantities than a gallon; and, therefore, that the judgment *nisi* should be final.

Error to Yalobusha circuit court.

Cothran, J.:

By an act, approved March 2, 1854, the board of police of Yalobusha county were prohibited from granting license to any person to sell vinous and spirituous liquors in the town of Grenada, or at any place within three miles thereof; and it was further enacted, "that it shall not be lawful for any person or persons to sell vinous or spirituous liquors in the town of Grenada, or within three miles of the corporate limits of said town, in any quantity whatsoever;" provided that it might be sold for religious and sacramental purposes, &c.

On the 5th day of May, 1859, the plaintiff in error was indicted for selling in the said town of Grenada, vinous and spirituous liquors, in violation of said statute.

There are two counts in the indictment, and each one charges, in general terms, that the defendant sold, in the said town of Grenada, in violation of said act of March 2, 1854.

On this indictment the defendant was arrested, and thereupon he entered into a recognizance, with security, to appear and answer the same; and, failing to appear, a forfeiture and judgment *nisi* was taken against him and sureties, November 7, 1859. On the judgment *nisi* a *scire facias* issued, returnable to the spring term of the court, 1860. To this *scire facias* there was a demurrer, and also a plea.

In January, 1860, an act was passed to repeal, and which did repeal said act of March 2, 1854; which repealing act contained a proviso excluding from its operation any offender or offenders

who had violated the said act of March 2, 1854, by selling liquors in less quantities than one gallon.

*J. W. C. Watson,* for plaintiff in error.

It is submitted that this case is not included in the proviso of the repealing act. This proviso could only include cases in which the indictment charged the selling of liquors in less quantities than one gallon, or in which the indictment specifically stated the quantity sold, and which quantity was less than one gallon, as that defendant had sold liquors, to wit: one pint, or three pints, qr some other designated quantity which was less than one gallon.

Under this indictment, a party having the right to sell liquor by the gallon, or in greater quantities, but not having the right to sell in less quantities, certainly could not be convicted. In such a case a demurrer to the indictment would be sustained. An indictment for an offense, to be good, must contain those necessary circumstances that concur to ascertain the fact and its nature. 2 Hale P. C., 169. An indictment must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendments; but must positively and explicitly state what the defendant is called upon to answer.

The case, then, not being embraced by the proviso in the repealing act in the premises, the judgment final on the recognizance was entered when there was no law authorizing the proceeding, and when the court had no jurisdiction to proceed farther against the defendant, either on the recognizance or the indictment. It then became the duty of the court to dismiss as well the recognizance as the indictment, even though no plea had been put in defense made by the defendant. Lunning v. State, 9 Ind. R., 309. Where a penalty is incurred under a statute, it must be recovered while the statute is in force; and when the statute is repealed, penalties incurred under it, though before the repeal, cannot be recovered. 1 Stewart, —; Lewis v. Foster, 1 N. H., 61; Eaton v. Graham, 11 Ills., 619. See also, 7 Barr, 173, 174; Stover v. Imwell, 1 Watts, 258; Yeaton et al. v. United States, 5 Cranch, 281.

*T. J. Wharton,* attorney general.

SMITH, C. J.:

This was a proceeding by *scire facias* upon a forfeited recognizance.

It appears that the plaintiff in error was indicted at the May term of the circuit court of Yalobusha county for vending spirituous liquors, in violation of the act, approved March 2, 1854, in relation to the sale of vinous or spirituous liquors, in the town of Grenada in said county. The said act prohibits the sale of vinous or spirituous liquors in any quantity whatever in the town of Grenada, or within three miles of the limits of the corporation.

The indictment contained two counts, in each of which it is charged, in general terms, that the defendant sold vinous and spirituous liquors in violation of the act, without any averment as to the quantity of the liquors sold, whether in quantities of less or more than one gallon.

The defendant having been arrested under said indictment, entered into a recognizance with surety to appear and answer the same ; and, failing to appear, a forfeiture and judgment *nisi* was taken against him and his sureties on the 7th of November, 1859. A *scire facias* was issued upon this judgment, returnable to the May term of the court in 1860.

Subsequent to the entry of the judgment *nisi*, that is, on the 24th of January, 1860, the act above referred to was repealed, but with a proviso declaring that the repealing act " should not be so construed as to release or discharge from prosecution and punishment any offender or offenders who had violated the act intended to be repealed, by selling vinous or spirituous liquors in less quantities than one gallon," &c. Acts 1860, p. 314.

At the return term of the *scire facias* the defendant demurred, and, upon the overruling of the demurrer, he filed his pleas to the *scire facias*, which being adjudged insufficient, a judgment final was against him and his sureties.

It is contended, in support of the exception to the judgment, that, as the indictment does not charge an illegal sale of vinous or spirituous liquors in quantities less than one gallon, the defendant is not included in the proviso of the act repealing the act under which the indictment was found. And as the pend-

ing indictment is not a valid charge for any offense, in respect to which the penalties incurred under the act of the 2d of March, 1854, were intended to be saved by the repealing act, the defendant could not legally be convicted of any offense provided for by any existing law. Hence, as it is assumed that the effect of the repealing act was to absolve the defendant from any penalty incurred under the act repealed, the *scire facias* should have been dismissed.

It appears to be well settled that, after the expiration or repeal of a law, no penalty can be enforced nor punishments inflicted for violations of the law, committed while it was in force, unless some special provision be made for that purpose by statute; and that penalties incurred under a statute must be collected before, and cannot be collected after the repeal of such statute. Yeaton et al. v. United States, 5 Cranch, 281; Stone v. Sumrall, 1 Watts, 258; Lewis v. Foster, 1 N. H. R., 61; 7 Barr, 173; 9 Ind. R., 309.

And it may be conceded that the indictment set out in the record, which charges generally the illegal sale of vinous and spirituous liquors, without specifying the quantity sold, would be invalid as a charge under a statute declaring it to be unlawful for any one to sell such liquors in less quantities than one gallon; but it does not follow, under the circumstances presented by the record, that it is defective, and therefore obnoxious to demurrer.

It is not pretended that the indictment here, when returned into court by the grand jury, was invalid because it did not allege that the quantity of liquor averred to have been sold by the defendant was less than one gallon. Proof of the sale of vinous or spirituous liquors in any quantity whatever by the defendant, in the town of Grenada, or within three miles of the limits of the corporation, would have sustained the indictment. It was, when returned, valid. It was the manifest and expressed intention of the legislature not to relieve against every violation of the act of the 2d March, 1854, but only as to those infractions which had been committed by a sale of liquor in quantities of one gallon and upwards. Hence the only logical or sensible effect which can be ascribed to the repealing act is to ren-

der the general charges in the indictment specific as to the quantity of liquor alleged to have been sold, and to limit the inquiries of the jury and the court to the fact whether the defendant had not been guilty of selling liquors in quantities less than one gallon.　Hence if, upon the trial, it should appear that, although the proof might show that the defendant had sold liquor in violation of the act of 1854, unless it should also be proved that he had sold such liquor in less quantities than a gallon, he would be acquitted.　On the other hand, if it were proved that the defendant had violated said act by selling liquor in less quantity than one gallon, he should be convicted.

By giving this effect to the repealing act, no possible injury could arise to parties indicted before its adoption, under the act of 1854.　But if we assented to the position assumed by counsel that the legal effect of the former act was to render invalid all indictments then pending for violations of the latter, the unmistakable intention of the legislature would be defeated.

Judgment affirmed.