A. J. WHEELER v. THE STATE.

1. LIQUOR SELLING.  *Local option law.  Effect of election under.  Repeal of previous law.*

In 1884 the legislature passed an act regulating the sale of liquors in the county of C. In 1886 the legislature passed the general " local option " act in relation to the sale of liquors. This act provides that when an election shall be held in accordance with its provisions in any county and shall result in a majority of votes " against the sale" of liquors, that its provisions shall supersede all other laws in relation to the sale of liquors in such county. An election was held in the county of C. which resulted in a majority "against the sale." *Held*, that the act of 1884 was repealed as to the county of C. by virtue of the result of the election under the act of 1886.

2. SAME.  *Indictment therefor.  Repeal of law.  Effect.*

And a defendant, who was indicted before such election was held for violating the provisions of the act of 1884, cannot after such repeal be made to pay any penalty or suffer any punishment under that act, there being no saving of the penal clauses thereof in the repealing act.  *Teague* v. *The State*, 39 Miss. 516, cited.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

A. J. Wheeler was indicted for selling whisky without license in violation of a local act in relation to Copiah County, passed by the legislature in 1884.  On the trial he moved to quash the indictment, and then after conviction he moved to arrest the judgment because the act under which he was indicted and convicted had been repealed.  Both motions were overruled and Wheeler appealed.  The further facts necessary to be stated will be found in the opinion of the court.

*R. S. Morrison,* for the appellant.

The "local option" act of 1886, the election thereunder having resulted in a majority "against the sale," clearly repealed the act of 1884.  Now, if the prohibition act for Copiah County, approved March 8, 1884, has expired or is repealed by the act of 1886, chapter 14, then the court should have sustained defendant's motion to quash the indictment, because the statute under which it was found has been repealed, and because the indictment charges no offense against the laws of the State.

And further, the court should have sustained defendant's motion in arrest of judgment because there is no law now in force under which the court can pronounce judgment.  The penalty of the statute under which the indictment was found was repealed before the trial and conviction of this defendant.  See Chapter 39, Code 1880, in relation to the sale of vinous and spirituous liquors ; also Acts 1884, p. 205, an act to prohibit the manufacture, sale, or giving away of alcoholic, vinous, or malt liquors in the county of Copiah ; also, an act of the legislature of the State of Mississippi, approved March 11, 1886, to wit: An Act for preventing the evils of intemperance by local option in any county in the State, p. 35 of said Acts.

In support of the position taken as above, counsel for appellant would respectfully call attention of the honorable court to the case of *William Teague et al.* v. *The State of Miss.*, 39 Miss. 516 ; also *Yeaton* v. *U. S.*, 5 Cranch 281.

*T. M. Miller*, Attorney General, for the State.

The argument that prior laws were repealed as a consequence of the result of the election has been denied by this court in the recent case of *Hearn et al.* v. *Brogan*, *ante* 334.

" There is no express repeal of former laws by the late act, and as repeals by implication are never favored, the new law must be held to displace or suspend the former only to the extent of inconsistency between them."

The penalty prescribed in the act of 1886 is expressly for a violation of *its provisions*, and is not denounced generally against a species of crime. The former act not being repealed beyond its inconsistency with the new, there is nothing to prevent judgment for penalties incurred under it.

ARNOLD, J., delivered the opinion of the court.

The sale of liquor in Copiah County was regulated by a local act passed in 1884, and appellant was indicted and convicted of a violation of this statute. After the indictment was found, but before appellant was tried, an election was held in Copiah County under the local option act of 1886, which resulted against the sale of liquor in the county. The local option act prescribes penalties for the violation of its provisions, and after excepting from its operation local laws prohibiting the sale of liquors in places where certain institutions of learning are located, it declares, in effect, that all laws on the subject shall be superseded in any county, after the election contemplated by the act is ordered and held in the county, but there is no saving clause in the act in reference to the prosecution or punishment of offenses committed under prior laws.

The scheme proposed by the local option act is that if an election held under it in any county shall go in favor of the sale of liquor, such sales thereafter shall be regulated by the code, with

its amendments, as modified by the local option act, but if the election shall go against the sale all local acts but those excepted shall be thereby repealed, and the local option act shall supersede all other laws on the subject in the county.

The result of the election in Copiah County repealed the local act of 1884, and the local option act thereby became the law in that county in regard to the sale of liquor. The proposition is too plain to admit of discussion, that after the repeal of a law no penalty can be enforced or punishment inflicted for a violation of its provisions committed while it was in operation, unless provision be made for that purpose. *Teague* v. *The State,* 39 Miss. 516 ; Cooley on Con. Lim. 471, note ; Bish on Stat. Cr., § 177.

*Judgment reversed and prisoner discharged.*