## G. W. & H. E. WINTERTON v. THE STATE.

1. LOCAL OPTION LAW. *Effect of election under. Code of* 1880 *and amendments thereto.*

   Where, under the local option law, approved March 11, 1886, an election is held, and results in a majority against "the sale" of liquors, the effect is not to repeal, but to *suspend*, for the time prescribed in that act, the former *general* laws for the regulation of the liquor traffic. *Hearn* v. *Brogan*, 64 Miss., 334, cited.

2. SAME. *Criminal law. Penal statute. Effect of suspension of.*

   And the suspension of such general laws does not thereafter prevent the prosecution and punishment under them of any one who may have previously violated them. A law thus suspended has only a retroactive vigor—a sting for vindication against violation when in the glow of its vitality, being insensible to offence against its soporated existence.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

At the May term, 1887, of the Circuit Court of Panola County, G. W. and H. E. Winterton were indicted, under the provisions of the Code of 1880, for retailing intoxicating liquors without license.

To this indictment the defendants pleaded in abatement, at the November term, 1887, that in July, 1887, an election was held in Panola County in pursuance of an act of the Legislature known as "The Local Option" Act, (Acts of 1886, p. 35,) and that such election resulted in a vote of the county "against the sale" of liquors ; and that because of such result the indictment under the old law became of no effect and should be quashed.

To this plea the State demurred. The court sustained the demurrer. The defendants were convicted and they appealed.

*Standifer & Stone,* for the appellants.

The election in Panola County under the Local Option Act (Acts of 1886, page 35 *et seq.*), having resulted against the sale of liquors in the county, clearly put the Local Option Act in full force in the county, and it suspended all other laws on the subject.

*Wheeler* v. *State*, 64 Miss., 462.

This being so, all former laws on that subject in so far as they relate to indictment, trial or punishment, have no force or effect.

It seems that this Court has denied that all the former laws on this subject were repealed as a consequence of the election under the Local Option Act, and held that they are merely suspended. *Hearn, et al.* v. *Brogan*, 64 Miss., 334.

This being so the plea in abatement should have been upheld; because so long as a law is suspended, no proceeding can be had, nor action sustained by virtue thereof. No judgment can be pronounced or punishment inflicted.

*State* v. *Banks*, 12 Rich. (S. C.), 609.

In the above cited case, the Court says, " When an act imposing a penalty is suspended, it cannot be enforced during the period of suspension for penalties previously incurred.

This is clearly correct. The suspension of a law is a temporary stop of all proceeding and enforcement of the law. If the public safety should require it, or for any legal purpose the writ of habeas corpus should be suspended, could any person avail himself of its provisions during the period of suspension ? Why not ? Because the writ is suspended, and therefore inoperative.

The suspension of a law operates so as to prevent its operation for and during the period of suspension.

Bouv. Law Dict. " Suspension," Pen., 365.

If the State has the right to enforce penalties sanctioned by a suspended statute, then the statute is not suspended, but operative.

*T. M. Miller*, Attorney-General, for the State.

Does an election under the Local Option Act of 1886 put an end to prosecutions under the Code for unlawful sales of liquor ? That effect is denied. Why should that be the result ? It will not do to say that merely because the offence can no longer be committed under a given law that prosecutions must cease for its violation.

This new law puts a stop to the license system, but does not annul penalties for a sale already made without license.

This whole notion of repeal rests upon the idea that because sales of liquor *against the provisions of the act of 1886* are made

punishable in a new and severer way, and because a license may no longer be granted, it was the intention of the legislature to put a complete end to or to completely suspend the old law—which is pure conjecture.

Mr. Bishop shows that the Supreme Court of the United States and of Massachusetts are largely responsible for the judicial muddle which has grown out of this subject.

In the *U. S.* v. *Tynen*, 11 Wall., 88, the Supreme Court said: "And even when two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act."

Mr. Bishop's criticism on this reasoning appears to be just and merited, for the fallacy is in surmising outside of the statute as to the legislative intent.

See Bishop on St. Cr., § 158.

At Section 161, the same author speaking of this sort of reasoning says: "For the objectionable doctrine now being explained no reasons which will bear scrutiny have yet been assigned in the books. Commonly, when any attempt at giving reasons is made, it is a mere following of a Massachusetts *dictum.*

It is proposed to assume that the old law is annulled *in toto*, because after an election sales are made unlawful, and are to be punished in a certain way—this is *supposed* to be a true discovery of the legislative intent.

The Wheeler Case, 64 Miss., 462, may stand upon the idea that when the legislature declares a given act shall be in force until a stated time, it is tantamount to a declaration that after that time it shall cease. There is no such declaration in the act of 1886 relating to the provisions of the Revised Code, as will be found upon close scrutiny. There is nothing in the new law against the enforcement of the old law for specific offenses. See Bishop on Stat. Crimes, § 163.

*T. M. Miller*, Attorney-General, also made an oral argument.

Arnold, J., delivered the opinion of the Court.

The demurrer to the plea in abatement was properly sus-

tained.   The local option act operates only on offences against · its provisions, and committed after it goes into effect.   It makes no reference to, or provision for, the prosecution or punishment of offences under former laws.   If its effect were to repeal all former laws regulating the sale of liquor, as it does certain local acts on that subject, offences against them, could not be afterwards prosecuted or punished, for the reason, that there is no reservation of the right to do so, in the act.   *Wheeler* v. *The State*, 64 Miss., 462.

But there is no express repeal of general laws in regard to, the sale of liquor, in the local option act, nor are they repealed by necessary implication.   Such laws are not repealed, but suspended or displaced for the time being, by the local option act when put into operation, in so far as they may be inconsistent with that act.   *Hearn* v. *Brogan*, 64 Miss., 334.

It is consistent with the evident purpose of the legislature, and the terms of prior laws of a general nature on the subject, and of the local option act, to say, that an offence under such former laws may be prosecuted and punished according to their provisions, notwithstanding the local option act may have been put into operation, and such former laws may have been thereby rendered, for the time being, inoperative for general purposes. There is material difference in a statute being repealed or suspended or temporarily displaced.   *Sturgis* v. *Spofford*, 45 N. Y., 446.

*The judgment is affirmed.*

CAMPBELL, J., concurring.

I am of the same opinion.   The repeal of a statute is a remission of penalties inflicted by it, because of the absence of authority to punish when the law giving it has *ceased to exist.* But where a law is not repealed, and is merely suspended, it still has vitality to authorize punishment for its violation before its suspension.   A repeal makes the law as if it had never been. Suspending its operation for a time leaves it operative as to the past, and in all respects wherein it is not abrogated by the new statute.   A repealed statute is dead, and no sting can be inflicted

by it ; but one. which still lives, although displaced for a time, as to its full effect, is not without power to vindicate its infraction before its suspensation.    Being still a law there is no want of authority to punish under it for such violations of it.