THE PEOPLE v WILLIAM H. WADE.

*Liquor traffic—Local option— Prosecution under general law— Pleading.*

1. The suspension of the general liquor law in a given county by the adoption of the local option law therein will not prevent the trial of a respondent who had been held for trial for a violation of the general law prior to its suspension.

2. Where, in a prosecution for a violation of the general liquor law, the first three counts of the information charge the respondent with selling spirituous liquors without paying the tax or posting the receipt required by law, and a fourth count charges him with making such sale without having filed the required bond, and the three allegations are combined in a fifth count, and it is admitted that he did none of these things, but his sole defense is that he did not sell spirituous or malt liquors, but only soft drinks, and was not engaged in the liquor traffic, it is impossible to hold that he was prejudiced by the allegation in the information that he had not filed a bond.

Error to Hillsdale. (Lane, J.) Submitted on briefs April 25, 1894. Decided June 16, 1894.

Respondent was convicted of a violation of the general liquor law, and sentenced to imprisonment in the county jail for 90 days. Upon hearing on *habeas corpus* he was remanded, but ordered to be admitted to bail pending an appeal. Conviction affirmed, and record remanded, with directions

to carry out the sentence.  The facts are stated in the opinion.

*Frankhauser Bros.* and *F. H. Stone,* for respondent.

*A. A. Ellis,* Attorney General, and *Guy M. Chester,* Prosecuting Attorney, for the people.

GRANT, J.  Complaint was made before a justice of the peace, February 11, 1892, charging the respondent with having engaged in the business of selling and keeping for sale spirituous and intoxicating liquors, malt, brewed, and fermented liquors, at retail, on February 10, 1892, in the township of Somerset, Hillsdale county, without having first paid the tax, and having the receipt and notice therefor posted up in his place of business.  He waived examination, and was bound over to the circuit court for trial. The information contained five counts, the first three charging him with selling without payment of the tax or the posting of the receipt, the fourth charging him with the sale of liquors without having filed the bond required by law, and the fifth combining the three allegations.  He was convicted.  Three objections are now made against the validity of the judgment, viz.:

1. That the information charged two separate and distinct offenses, upon one of which he had had no examination, and that the prosecuting attorney should have been required to elect upon which count he would proceed.

2. That the local option law was in force in Hillsdale county at the time of the trial, though the offense was committed and the arrest made several months prior thereto.  ·

3. That the failure of the court to grant a new trial was an abuse of judicial discretion.

1. The law requires three things as conditions precedent to entering upon the business of retailing spirituous and malt liquors,—the execution and filing of a bond duly approved by the proper authorities, the payment of the

tax, and the posting of the tax receipt in the place where liquors are to be sold.    One is not entitled to the receipt without the filing of the bond.   *Attorney General v. Huebner,* 91 Mich. 436.    It is not to be presumed that county treasurers will violate the law, and issue tax receipts before the conditions precedent have been complied with.    Nor can it be presumed, as a matter of law, that a liquor dealer will obtain the receipt without having filed his bond.    The proofs in this case establish the fact that the respondent paid no tax, filed no bond, and obtained no receipt.    It is admitted that he did none of these things.    The charge was that he was unlawfully engaged in the liquor traffic.    While he put in no evidence, it appears that his sole defense was that he did not sell spirituous or malt liquors, but only soft drinks, and that he was not engaged in the liquor traffic.    It is therefore impossible to hold that he was prejudiced by the allegation in the information that he had not filed a bond.    Errors which cannot possibly create any prejudice to the rights of one charged with crime ought not to, and cannot, operate as a ground for a new trial.

2. The trial of this case occurred September 15, 1892. Upon the trial, no proof was offered to establish the adoption of local option, nor was the point made that it had been adopted by the people of Hillsdale county.    It is therefore too late to raise that question in this Court.

3. The sole point urged as an abuse of judicial discretion in denying a new trial is that the judgment was erroneous because the local option law had been adopted before the trial.    We think there was no abuse of judicial discretion. The court, in refusing a new trial, used the following language:

"Here is a man that I think is guilty, under the evidence in this case, of as willful and mean a violation of law as it has been my experience in a court of justice to

see disclosed, with its evil effects as far reaching as any case to which the attention of the court has been called."

The record fully justifies this conclusion.

This point has, however, been fully argued by counsel, and, inasmuch as there are other cases pending in some of the circuits dependent upon a determination, we will dispose of the question. The local option law does not repeal the general liquor law of the State. One of the objects of that law expressed in the title is "to suspend the general laws of the State relative to the taxation and regulation of the manufacture and sale of such liquors in the several counties of this State under certain circumstances." Section 1 of the act makes such sales unlawful so long as the resolution of the supervisors after adoption remains unrepealed. Section 2 declares that, on and after the 1st day of May next following the adoption, the general law shall be suspended and superseded so far as relates to that county. Suspension is not repeal. Should the people of such county subsequently vote to dispense with local option in the county, the general law, without further action, would take its place. The suspension of the general law in this manner does not affect its operation upon actions commenced and rights of action accrued prior to the adoption.

Conviction affirmed, and the record remanded, with directions to carry out the sentence imposed by the court below.

The other Justices concurred.