### M. N. KERR v. C. A. MOHR ET AL.

Decided June 8, 1907.

**Liquor Dealer's Bond—Adoption of Local Option—Effect.**

The effect of the putting in force in a given territory of local option is to suspend, not to repeal, previous laws governing liquor selling in such territory. Hence a suit upon a liquor dealer's bond for infractions of the same occurring before the adoption of local option is not abated by the adoption of local option in the county in which the infractions occurred.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Hodges & Hardison,* for appellant.—The adoption of local option in Lamar County after the infractions of the bond sued on did not affect the liability of the defendants in error. The law creating the conditions under which the liability might occur, and providing the remedy of the aggrieved party was not repealed by the adoption of local option, but only temporarily suspended. Pacific Mail S. S. Co. v. Joliffe, 2 Wall., 450, 17 Law Ed., 805, 660; Huntington v. Attrill, 146 U. S., 667; Coggeshall v. Groves, 16 R. I., 18, 11 Atl. Rep., 296; Sturgis v. Spofford, 45 N. Y., 446; Palmer v. Conly, 4 Denio (N. Y.), 374: Winterton v. State, 65 Miss., 238; Hearn v. Brogan, 64 Miss., 334: People v. Wade, 101 Mich., 89; Butler v. State, 6 So. Rep., 67; State v. Smith, 7 So. Rep., 848; State v. Smiley, 7 S. E. Rep., 904; 26 Am. & Eng. Ency. (2d ed.), 753; 19 Am. & Eng. Ency. (2d ed.), 512; 2 McLains Crim. Law, sec. 1213, p. 377.

As to there being only a suspension of the law and not a repeal by the adoption of local option, we call attention to the following in connection with the criminal cases above cited: Gibson v. State, 34 Texas Crim. Rep., 218; Rathburn v. State, 88 Texas, 282; Atkinson v. State, 46 Texas Crim. Rep., 228; Rev. Stats., art. 3257.

*Moore, Park & Birmingham,* for appellees.—The sums authorized by statute to be recovered against a liquor dealer for infractions of his bond are penalties. Johnson v. Rolls, 97 Texas, 453; Hillman v. Mayher, 85 S. W. Rep., 818.

The adoption of and putting in force local option in Lamar County,

Vol. XLVII. Civil—1.

Texas, operated to repeal all laws in conflict with the local option laws, within the limits of Lamar County, and repealed and suspended the laws regulating the sale of intoxicating liquors within such territory. Robertson v. State, 5 Texas Crim. App., 155; Boone v. State, 12 Texas Crim. Rep., 184; Atkinson v. State, 46 Texas Crim. Rep., 228; Tracy v. State, 49 Texas Crim. Rep., 37; Rathburn v. State, 88 Texas, 281; Long v. Green, 95 S. W. Rep., 79 (in which case a writ of error was granted and afterwards dismissed for want of jurisdiction).

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit instituted in the District Court of Lamar County by the appellant, M. N. Kerr, against the appellee, C. A. Mohr, and his codefendants, as principal and sureties on a liquor dealer's bond, to recover the statutory penalties, or liquidated damages, as termed by the statute, for selling liquor and beer to appellant's minor son, and for permitting said minor to enter and remain in the saloon or place of business of appellee. The suit was filed on the 13th day of February, 1906. The appellees answered by general demurrer and general denial, and by plea in abatement, alleging that on the 14th day of April, 1906, local option became effective throughout the limits of Lamar County, and has since that time been in full force and effect in said county. The same facts were pleaded specially by the appellees. Appellant, by supplemental petition, excepted to the plea in abatement, and to so much of the special answer of the appellees as pleaded and relied on the adoption of local option in Lamar County on the 14th day of April, 1906, because the same constituted no defense to this action. Appellant's exceptions were by the court overruled. It was then admitted by the appellant, in open court, that the facts set forth in the appellees' plea in abatement were true. Whereupon the court rendered judgment in favor of the appellees, and dismissed plaintiff's suit, to which action plaintiff duly excepted and perfected an appeal.

Did the trial court err in sustaining the plea in abatement and dismissing the suit? It is held that the sum recoverable against a liquor dealer and his sureties for a violation of his bond is a penalty. Johnson v. Rolls, 97 Texas, 453; Hillman v. Mayher (Texas Civ. App.), 85 S. W., 818. The repeal of a statute prescribing a penalty or forfeiture recoverable in a civil action, without a saving clause in the repealing act, takes away the right of recovery. 26 Am. & Eng. Ency. Law (2d ed.), 753; 19 Am. & Eng. Ency. Law (2d ed.), 512.

It was contended by appellee, and the trial court must have so held, that the effect of putting in force the local option statute in Lamar County was to repeal the then existing law licensing liquor dealers, in compliance with which law the bond sued on was executed. The local option statute does not, in terms, repeal the general law relating to licensing liquor dealers, and if the putting of the statute into effect repeals it at all it is only by implication. Before any provision or law can be held to be repealed by implication, it must clearly appear to be so repealed. We are of the opinion that it does not clearly appear that the putting in force of the local option statute had this effect. The effect on existing laws of put-

ting the statute in force is correctly stated by Presiding Judge David-son in the case of Atkinson v. The State, 46 Texas Crim. Rep., 228, as follows: "Where local option has been put in operation it constitutes the exclusive system for the regulation or manner of liquor selling in the given locality, and has the effect to suspend and abrogate during its continuance all laws and provisions of law which are inconsistent with such local option law, as well as those laws which prescribe penalties for violating liquor selling." This, says the learned judge, has been the rule in Texas since the case of Robertson v. State, 5 Texas Crim. App., 155. Under this rule the effect of the putting in force in a given territory of local option is to suspend previous laws governing liquor selling in such territory. This is the construction placed on similar statutes by the court of Florida (Butler v. State, 6 So. Rep., 67; State v. Smith, 7 So. Rep., 848), and Mississippi (Winterton v. State, 65 Miss., 238), and North Carolina v. Smiley, 7 S. E. Rep., 904. See also People v. Wade, 101 Mich., 89, 59 N. W. Rep., 438.

The existing law governing the sale of liquor not having been repealed by the adoption of local option, but only suspended, a repeal of the local option statute would revive the former law. Rev. Stats. (1895), art. 3257. The suspension of the law providing for licens-ing of liquor dealers, under which the bond sued on was executed, did not have the effect to prevent a recovery thereon by one aggrieved by a violation of such bond. This ruling is not in accord with the opinion of the Court of Appeals for the Third District in Long v. Green, 95 S. W. Rep., 79. But the Supreme Court did not agree with the opinion in that case and granted a writ of error which was subsequently dismissed because the Supreme Court was without jurisdiction, 101 S. W. Rep., 786.

The violations of the bond upon which this cause of action is based occurred, and the suit was instituted, months prior to the put-ting the local option statute in force in Lamar County. The suit could be maintained, notwithstanding local option was in force when the parties went to trial.

It follows from these remarks that the trial court erred in sustain-ing the plea in abatement and in dismissing the case. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*