## The State v. John Horan.

The 9th Section of the Act of 1840, to suppress gaming, was repealed by the Act of 1848, concerning crimes and punishments; and consequently, after the latter Act took effect, permitting banking games or gaming tables to be exhibited in one's house, or renting a room for that purpose, was not indictable.

Appeal from Travis. The appellee, John Horan, was indicted for permitting a faro bank to be exhibited in his house. He demurred to the indictment; and his demurrer was sustained, and the State appealed.

*Attorney General*, for appellant. It is obvious that the change which the Legislature designed to make, in the law against gaming, was to mitigate the penalties. With this object in view, we can see the plan of their action, in revising the laws of 1840 in that of 1848, if we will advert to the 25th Section of the General Provisions of the Constitution, which declares that "No law shall be revised or amended by refer- "ence to its title; but in such case, the Act revised, or Sec- "tion amended, shall be re-enacted and published at length."

But for this constitutional rule of amending statutes, it is probable the Legislature would have amended each Section of the Act of 1840, simply in the particulars in which they designed to make a change, by reference to it by the title of the Act and by its number; but having "the fear of this rule before their eyes," they have carefully "re-enacted and published at length" each and every Section in which they designed to make any material change, and they have done no more, leaving the rest as they found it; but their design did not require them to change, and, therefore, they did not re-enact several Sections, and among them the one now in dispute; but, as to that, their object (of reducing the penalty) could be and has been, attained by the modification they have made of the third Section, to which it refers for its ingredients.

It was necessary to amend, and, therefore, "to re-enact" the eighth Section of the Act of 1840, in order to reduce its penalty, because that penalty was an independent one, not expressed by reference to any other Section, and, therefore, not changed by changing the penalty, prescribed by another Section, as was the case with the ninth Section of the Act of 1840, as we will presently show.

The 10th Section of the Act of 1840 clearly remains in force, not being in conflict with the Act of 1848, or with any other Act, so far as we are informed.

Now as to the 9th Section of the Act of 1840, the one under discussion, "it is an established rule of law that all Acts "*in pari materia* are to be taken together as if they were one "law." (9 Bac. Abr. Title "Statute," Letter I, Section 9, p. 243.) We find this offence inhibited from the earliest to the latest legislation of the country—until the Act of 1848 at least. Now read the said Acts of 1840 and 1848 together and how does the offence in this 9th Section stand? It is referable to the 3d Section of the Act of 1840 for the description of its leading constituents, and for its penalty, that 3d Section is modified by the 69th Section of the Act of 1848 in the reduction of its penalty, and in that only, so that now we must look

18

to the 3d Section of the Act of 1840 as modified by the 69th Section of the Act of 1848 for the penalty of the 9th Sec- of the Act of 1840, and this is consistent with the pen- alty-expressing language of the 9th Section—" he or she shall suffer the same punishment as those convicted of keeping such banks"—a penalty in its very terms and nature dependent on the Sections which define the " bank keeping " and pre- scribe its punishments, and inherently and *ex vi termin- orum* obliged to follow the changes of that or those Sections, unless separated from it or them by express legislation. But we are told that the offence intended to be created by this 9th Section, falls to the ground because the 3d Section of the same Act, to which it is referable for its description and principal constituents, is repealed. To which we answer, that this 3d Section is not expressly or positively appealed—it is only modified as to its penalty. The substance of it does not con- flict with the *corpus delicti* of the corresponding 69th Section of the Act of 1848, and is therefore not repealed by the repeal- ing clause. It is at all events not expressly or positively re- pealed, and therefore no power but that of the Legislature can " strike it from the statute book ;" and therefore it remains there for the purpose of reference ; and that is the only use we have for it in order to sustain the disputed 9th Section. Indeed upon the rule of construction, requiring us to read " the whole " of all laws *in pari materia* together, this 3d Section is legally and must remain " still before our eyes," whether repealed or not, and that is all we want with it to sustain, by reference to its descriptive language, the 9th Sec- tion in question. And this, we conceive, was the view of the Legislature in not touching this Section, as they did not touch others of that law, which they clearly meant to leave in force.

*H. W. Sublett*, for appellee.

LIPSCOMB, J. The only question is, Was the 9th Section of the Act of 1840, to suppress gaming, repealed or suspended

by the Act of March 20th, 1848, concerning crimes and punishments. The last named Act repeals no Section of the Act of 1840, by any special reference to it, and, in the last Section, repeals all laws and parts of laws conflicting with it. The 9th Section is not in conflict; and the Attorney General insists, therefore, that it was intended that it should remain in force, and, if his position cannot be supported, the indictment was for an offence not known to the law, as the last Act does not make it an offence to permit a banking game to be exhibited.

The 9th Section of the Act of 1840 is as follows, i. e., " That " if any person shall permit any banking game, such as are " inhibited by the 3d Section of this Act, to be kept in his or " her house, or shall rent a room for this purpose, he or she " shall suffer the same punishment as those convicted of keep- " ing such bank." The 3d Section, referred to, prescribes a penalty or a fine, of one thousand dollars; and on failure to pay the fine, imprisonment, without bail, for six months, for keeping any such banks; and it enumerates among the inhibited games, Faro bank.

That this 3d Section is entirely superceded by the 69th Section of the last Act, there can be no doubt, as much so as if it was stricken from the statute book. Such being its condition, it is insisted by the counsel for the appellee, that it can afford no support to the 9th Section, which, resting upon it, must fall with it; because, without such support, the 9th Section prescribes no punishment, and is entirely inoperative. This seems to be a fair logical deduction. This conclusion, to my mind, acquires additional strength, from an examination of the Act of 1848, which shows that the 9th Section was intended to be superseded, or that its re-enactment was omitted by an accidental oversight. In the Act of 1848, every provision of of the Act of 1840 is enacted, with the exception of the 9th Section; and that the Legislature had its attention called to the subject of permitting games to be played, is manifest, from their enacting the provisions of the 8th Section, which made

it an offence to permit card playing, and then not re-enacting the 9th, leaves the presumption that it was not designed to be included. If they had intended these enactments to remain in force, there was no sort of reason why they should include one, and pass the other in silence. If it had been intended that the offence created by the 9th Section, should remain in force, why not re-enact it, as they had done the 8th Section. Again, the structure of the Act of 1848, shows an intention to legislate on the whole subject of penal offences, and to embrace all in one Act. It has classified offences and crimes, designating the particular head to which each belonged. 1st. offences against the State, 2nd. against the life of a person, 3rd. against property, 4th. against public justice, 5th. against the public peace, 6th. against decency, chastity and morality, 7th. and last, against public policy ; and under this last head, are found all their enactments against gaming and keeping gaming tables and banks, manifesting a design to create an entire system of offences and penalties, modified, as to their body seemed just and proper, easy to be found in the statute book, and easily comprehended, without reference to any previous legislative enactments.

These considerations have brought my mind to the conclusion, that the Act of 1848 was intended and does entirely supersede the Act of 1840; and if the 9th Section was not superseded, it became inoperative by the repeal of the 3d Section. If this was not the intention of the Legislature, that body is now in session, and can supply the defects of the Act of 1848. I believe there is no error in the judgment of the District Court, and that the same ought to be affirmed ; and this is the judgment of the Court.

Judgment affirmed.