### J. E. H. L. MANNING v. THE STATE.

The act of August 15th, 1870 (General Laws, 199) repealed all previous statutes which imposed penalties on the selling of intoxicating liquors without license. The penalty prescribed by the act of December 1st, 1871 (General Laws, 52), for the non-payment of any occupation tax, is the only penalty now enforceable against a party for selling liquors in less quantities than a quart.

APPEAL from Rusk.   Tried below before the Hon. J. B. Williamson.

The indictment was returned into the District Court on the 30th of August, 1871.   It charged the appellant with having sold spirituous liquors in less quantity than a quart, " without first obtaining license therefor."   The case went to a jury on the defendant's plea of not guilty, and he was convicted.   His counsel moved in arrest of judgment, because the indictment charged no offense, etc.   The motion being overruled, the defendant appealed.

*Moore & Shelley,* for the appellant.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J.   The judgment in this case is founded upon an erroneous construction of the existing license law, and the penalty for a violation of the same; and we confess we have had no little difficulty in our endeavors to sift from the mass of crude and illy-digested statutes on the subject, what the law was when the alleged offense was committed or what it now is.

The act of 1856 in regard to obtaining a license for retailing spirituous and intoxicating liquors, and the penalty as prescribed by the Penal Code for the violation of that law, were amended by the statute of 1866; and that statute prescribed a penalty for selling intoxicating liquors in quantities less than one quart, without having first obtained a license therefor, as therein described.

The act of August 15th, 1870, prescribed a new tax, and a new manner of obtaining a license for selling intoxicating liquors, and repealed all former laws on that subject.   It is very clear that after the passage of this last act, no license under the act of 1856 could have been obtained, and consequently no penalty for the violation of that repealed law could be enforced.   We are referred by the Attorney-General to the

case of Smith v. The State. That case was brought for a violation of Article 2076 Paschal's Digest, which is not repealed. The only penalty prescribed for the violation of the act of August 15th, 1870, is contained in the 121st Section, which reads as follows: "And any person so failing or refusing to pay such "tax, shall be liable to a fine in a sum of not less than fifty nor "more than five hundred dollars." This is a fine for not paying the tax, and not for pursuing the occupation without a license; and we are forced to the conclusion that, on the passage of this act, there was no law in force prescribing a penalty for selling intoxicating liquors without a license. If this is a correct view of the law in force on the 15th of August, 1870, then there was no law in force in March, 1871, prohibiting the sale of a single glass of intoxicating liquor, but simply a law prescribing a penalty for not paying the assessed tax upon certain occupations.

On the 1st of December, 1871, another act was passed, prescribing a penalty for failing, after being duly notified, to comply with any one of the provisions of the act of April 22d, 1871.

These are all the laws on the subject of license tax which need be examined in connection with this case; and from these we are of the opinion that all laws making it a penal offense to sell intoxicating liquors have been repealed, either directly or by implication, and that the penalty for a violation of the revenue laws, as prescribed in the act of December 1st, 1871, is the only one that can now be enforced against a party for selling intoxicating liquors in quantities less than one quart. The indictment, therefore, in this case charged the defendant with no offense known to the laws of this State, and was insufficient to support any judgment. The court therefore erred in overruling the motion in arrest of judgment. The judgment is therefore reversed, and the cause dismissed.

Reversed and dismissed.