CHARLES COUNTZ AND CHARLES BOWLES V. THE STATE.

RETAILING SPIRITUOUS LIQUOR, STATUTE CONCERNING.—The acts of 1856 and 1866, both of which prescribed a penalty for retailing spirituous liquors in quantities less than a quart without. having obtained a license therefor, were, as to such penalties, supplanted by the act of December 1, 1871, which prescribed a different penalty for those, subject to the payment of an occupation tax, who failed to pay the same, and by the tax law of 1873, which made the receipt of the sheriff and county treasurer full authority to carry on the business.

*H. D. Prendergast,* for appellants.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendants were indicted for retailing spirituous liquors in quantities less than one quart without having obtained a license therefor. The indictment was framed in accordance with the terms of the law of 1856. (O. & W. Dig., art. 423, p. 509.)

It was filed in court on the 3d day of July, 1873, and charged the offense to have been committed on the 15th of February, 1873.

Defendants excepted to the indictment as insufficient, because it did not charge an offense. The exception was overruled, and the defendants were tried, convicted, and fined fifty dollars.

They moved for a new trial, which being overruled, they gave notice of appeal and entered into a recognizance, with sureties.

The exception to the indictment should have been sustained.

The act of 1856, under which the indictment was found, was changed by the act of 1866 as to the penalty; that act raising the minimum fine from fifty to one hundred dollars, and authorizing the imprisonment of the party convicted. (Acts of 1866, p. 68, sec. 5.)

By the act for the assessment and collection of taxes, passed in August, 1870, it was provided that any person failing to pay the occupation tax necessary to obtain a license should be " liable to a fine in a sum of not less than fifty nor more than five hundred dollars." This act still contemplated a license to be obtained, and provided for its issuance by the " county clerk," although there was no such officer to issue it as had been formerly under the act of 1866, the Constitution of 1869 having abolished the office by providing only for a clerk of the District Court. (Acts of 1870, p. 232, secs. 118 and 121.) This law also provided another remedy for the collection of the occupation tax, by the sheriff levying on property. (Ib., sec. 120.) The same provision is carried into the act passed 31st May, 1873. (Acts 1873, p. 146, sec. 29.)

The act of December 1, 1871, provides that " every person or member of a firm or corporation, subject to the payment of an occupation tax, who shall neglect or fail, after having been duly notified by any officer charged with the collection of said occupation tax, to comply with any one of the several provisions of an act entitled 'An act to give effect to the several provisions of the Constitution concerning taxes,' approved April 22, 1871, concerning occupation tax, shall be deemed guilty of a misdemeanor, and shall, on conviction on indictment or information, be punished by a fine not less than five nor more than one hundred dollars." (Acts of 2d sess. of 1871, p. 52; also same in Pas. Dig., art. 6473.)

This act was evidently intended to supplant the former acts of 1856 and 1866, because it embraces the same matter and changes the grounds of prosecution in relation thereto.

It makes the offense to consist in the failure to pay the occupation tax after having been duly notified by the collecting officer.

It drops the provision about a license entirely. The tax

law of 1873 does the same, and makes the receipt of the Sheriff and County Treasurer for the occupation tax full authority to carry on the business.   In addition to this, the title of the act shows that it was intended to take the place of the former laws of a more limited scope, relating to the same subject, being "An act supplementary to the act entitled 'An act to adopt and establish a Penal Code for the State of Texas, approved 28th August, 1856.'" As soon as it was passed, the laws of 1856 and 1866, under which alone this indictment could be sustained, ceased to be of force.   (Manning *v.* The State, 36 Tex., 670.)

Judgment reversed and cause dismissed.

REVERSED AND DISMISSED.