THE STATE OF TEXAS V. W. H. DRAKE ET AL.

No. 145.

**1. Liquor Dealer's Bond.**

Section 4 of chapter 29, Laws of Twentieth Legislature, was not repealed by section 9 of chapter 121, Laws of Twenty-third Legislature (Acts of 1893, page 179). These sections prescribe the bonds exacted of licensed liquor dealers, and are not conflicting...................... 335

**2. Same.**

The Act of 1887 prescribed a bond to be given by licensed liquor dealers, "conditioned that said person, firm, or association of persons so selling spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in quantities less than a quart, shall," etc. The corresponding section of the Act of 1893 prescribed, "that any person, firm, or association of persons desiring to engage in the sale of spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to be drunk on the premises, shall before en-

gaging in such sale be required to enter into bond," etc. The description and regulations exacted were alike in both bonds. The Act of 1893 repealed all former acts inconsistent therewith, and recognized the validity of existing licenses for the time covered thereby. *Held*, that a conviction could be had upon a violation of a bond executed under the Act of 1887, but rendered subsequent to the Act of 1893... 336

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Karnes County.

The application for writ of error was based upon the action of the Court of Civil Appeals holding, "that the Act of 1893, regulating the sale of spirituous, vinous, and malt liquors, repeals the Act of 1887 upon the same subject; and that the penalties accrued by reason of any breach of a bond executed under the Act of 1887 are pardoned thereby." This presented the only question discussed and decided by the court.

*C. A. Culberson*, Attorney-General, and *Frank Andrews*, Assistant, for the State.—This case fairly presents for the decision of this court the question of whether or not the Act of 1893 (General Laws 1893, page 177), regulating the sale of spirituous, vinous, and malt liquors, and prescribing certain penalties for a violation of said provisions, repeals the act approved March 29, 1887 (General Laws 1887, page 58), upon the same subject, in so far that it ipso facto works a repeal or pardon or remission of all forfeitures and penalties accrued under the Act of 1887, by reason of any breach of the conditions of the provisions of said act.

The Act of 1887, under the provisions of which the bond sued on was executed, was an amendment of other acts in certain particulars. It prescribes the condition of bond required of retail liquor dealers; defines the meaning of an " open, quiet, and orderly house;" provides for the issuance of license by the county clerks, and the posting of the same by the dealers.

The Act of 1893 contains other provisions not contained in the Act of 1887, and appears to have been intended to codify and perfect in one act all the laws of the State appertaining to the sale of spirituous, vinous, and malt liquors. Section 4 of the Act of 1887 prescribes the conditions of the bond required, and the penalty for violation thereof. Section 9 of the Act of 1893 prescribes the conditions of the bond required therein, and fixes penalties for breaches thereof. Therefore, these two sections, properly construed, must determine the effect of the Act of 1893 upon the bonds executed under the Act of 1887.

The conditions of the two bonds are practically the same. There is some slight variation in the language, but the effect of the language is the same in each, the penalty for a breach of the bond is identical in each act, and the method for enforcing the penalty the same in each act.

*Tarlton & Altgelt*, for defendants in error.—Section 4 of the Act of the Legislature approved March 29, 1887 (page 59, General Laws of 1887), under which the bond sued upon was given, and under which the alleged penalty accrued to appellee, was repealed while this suit was pending, and prior to the rendition of judgment by this court, to-wit, by the enactment of chapter 121, General Laws of the Twenty-third Legislature of the State of Texas (Laws of 1893, page 177 et seq.), and the court erred in enforcing the penalty recovered against appellants after such penalty had been released and repealed by the State of Texas.

In order successfully to maintain our contention, it devolves upon us to convince this court of the following propositions, upon which the main proposition depends:

1. We must show that the Act of March 29, 1887, has been repealed by chapter 121 of the Laws of the Twenty-third Legislature. Laws of 1893, page 177.

2. That the repeal of a statute under which the penalty accrued releases the penalty; or in other words, that the right of the State to enforce the penalty falls with the repeal of the law.

3. That this is the rule even in cases where, as in this case, the repeal takes place after judgment has been pronounced by the trial court, but before the affirmance of the judgment by the appellate tribunal; that is, where the statute is repealed pending an appeal.

This is not a case of implied repeal, for by section 14 of the statute of 1893 all laws and parts of laws in conflict are expressly repealed. But even if this section were omitted, the result in this case would be the same on account of the rule, that a statute which creates an entirely new system respecting the subject matter of an older law repeals the old law without express words, so far as the conflict extends.

The Act of 1887 and that of 1893 conflict, and can not both be existing statutes.

In the first place, under the law of 1887, every liquor dealer, including dealers in malt liquors exclusively, must give bond in the sum of $5000; while under the law of 1893 dealers in malt liquors give a bond in the sum of $1000 only. Under the old law a retail liquor dealer could sell only in quantities less than a quart; while under the present law he may sell one gallon or less. Act 1893, sec. 1. Nor are the conditions the same. Under the old law the sureties became liable for a principal selling, etc., in quantities less than a quart; whereas under the present law they are responsible for his selling in any quantity. Besides this, under the present law the sureties are made expressly responsible for his agent or employe.

Under the old law the principal and sureties covenanted that they would not rent or let, etc., any part of the house, etc., in which they have undertaken to sell liquor, etc., in quantities less than a quart; while

the new law again says in any quantity. The definition of an open house in the new law is again different from that given in the old law, the new law using the terms "where. liquors are sold to be drunk on the premises," while the old statute uses the language, where intoxicating liquors are sold in quantities less than a quart.

Under the law of 1887 want of knowledge of a person's minority was unimportant, as held by this court in the Myers case. It was the vendor's duty to inform himself at his peril. The law now is different in this provision: "Provided, that where a sale is made in good faith, with the belief that the minor was of age, and there is good ground for such belief, that shall be a valid defense to any recovery of such bond."

We point out these differences between the two statutes, because we apprehend that the Attorney-General will take the position that the law of 1893 does not expressly nor impliedly repeal the former law, but that it is in substance a continuation of the old law. We can only surmise what his answer will be, and anticipate his arguments. Such a position can not be correct. If it were so, a dealer in malt liquors only would have to give two distinct bonds; one for $5000, conditioned as the old law prescribes; another for $1000, conditioned as the new law prescribes. A dealer in liquors generally would have to give two bonds of $5000 each, with different condititions. Such would be the absurdity if both laws are held to be in force. The reasons why the Act of 1893 should be held to be a complete system respecting the subject matter of the old law, and therefore be further held to be a repeal of the old law, without regard to the repealing clause, section 14, are very strong. Stirman v. The State, 21 Texas, 734; The State v. Horan, 11 Texas, 144; Wall v. The State, 18 Texas, 683; Shepperd v. The State, 1 Texas Cr. App., 522.

We come now to the consideration of the second and third propositions before announced, to-wit, that the repeal of the act repeals the penalty and operates as a release or pardon to the offender, and that this is the rule even when the act is repealed after judgment before affirmance that is pending an appeal. It is entirely competent for the Legislature to prescribe penalties that have already accrued from the operation of the rule contended for by us, but this has not been done. When it is not done the release follows the repeal of the law. The power that prescribes the penalty may release it after its accrual. This is a legislative question, beyond the control of the courts. The courts must presume that the Legislature knew the common law rule on this subject. The authorities on this subject are very harmonious; in fact, we have found none to the contrary. When the rights of a private prosecutor who sues for a penalty are involved, there is some conflict in the decisions, but these cases need not be considered. Suth. on Stat. Con., 166; Cool. on Const. Lim., 6 ed., 472, et seq., 443, 469; 2 Willson's C. C., secs. 59–62; Countz v. The State, 41 Texas, 50.

STAYTON, CHIEF JUSTICE. — This is an action brought in name of the State on a liquor dealer's bond, to recover a penalty for breach in permitting a minor to enter and remain in the house or place of business where liquor was sold.

The action was brought March 1, 1892, and on the 18th day of that month a judgment was rendered in favor of the plaintiff, from which appeal was prosecuted.

Under the findings of fact and the several assignments of error, the Court of Civil Appeals affirmed the judgment; but on motion for rehearing that judgment was set aside, and the judgment of the District Court was reversed and the cause dismissed, on the ground that the law giving the penalty was repealed by the act of the Legislature presented to the Governor for his approval on May 6, 1893. Gen. Laws 1893, p. 177.

No error is found in the conclusions reached by the Court of Civil Appeals on its first disposition on assignments of error presented, and such questions need not to be again discussed.

If it be conceded that the repeal of the law on which the action was based, pending appeal, would require a reversal of the judgment and a dismissal of the action, it becomes necessary to inquire whether the law on which the action was based was repealed by the act passed pending appeal.

The acts in force at the time the bond sued upon was executed, and at the time the breach is alleged, differed from the Act of 1893 in many respects not having direct application to the duty imposed upon liquor dealers nor to their liabilities to penalties for breach of the many conditions required in their bonds by the former laws, as well as by the Act of 1893, and the act last named in terms repealed all laws in conflict with it.

This evidences the opinion of the Legislature that some of the provisions of the former law were in conflict with the later act, and intent, in so far, to repeal such repugnant laws; but when this result is reached the repealing clause is satisfied, and all parts of the former law not so repugnant must be held in force and operation upon all transactions to which they apply.

The Court of Civil Appeals, after enumerating the matters in which the later law differed from the former as claimed by appellant, held that none of those differences affected the question before them, except those found between section 4 of the Act of 1887 and section 9 of the Act of 1893.

These sections of these two acts are those which prescribe the bonds to be executed by persons desiring to engage in the sale of liquors, their conditions, and the penalty which may be recovered for a breach.

In so far as it was held that the differences between the acts did not affect the question to be decided, the decision was doubless correct, and it

will only be necessary to consider the sections of the two acts which were thought to be so repugnant that the former was repealed by the latter.

The sections of the laws referred to each required a bond to be executed in the sum of $5000; each, among others, required a bond containing the condition " that he or they will not permit any person under the age of 21 years to enter and remain in such house or place of business;" and each declares, that " in addition to proceedings for individual injuries brought on said bond as above indicated, if any person, firm, or association of persons shall violate any of the conditions of the bond herein required, it shall be the duty of the county and district attorneys, or either of them, to institute suit thereupon in the name of the State of Texas, for the use and benefit of the county, and the amount of $500 as a penalty shall be recovered from the principals and sureties upon a breach of any of the conditions thereof."

The Act of 1893 was prospective in its operation, and there is nothing in it indicating intention to withdraw, absolutely or in terms, from persons who had license to sell liquors at the time it was enacted, the right to do so in accordance with the license already obtained, so long as it should, under its terms, remain in force.

Their right to do so under such legislation would not be questioned.

Under such legislation it ought not to be claimed that persons who, by payment of the sum demanded and execution of the bond required, had acquired the right to sell prior to the passage of the later law, were not intended to be still held liable for the penalty imposed for breach of conditions of the bond under which the right to sell was acquired; and especially so when both laws imposed the same penalty for the breach of the same conditions.

It can not be believed that the Legislature intended that persons who had acquired the right to sell before the enactment of the later law should exercise that right without obligation imposed by the bond exacted before that right could be acquired, and without liability for the penalty prescribed for breach of any of its conditions, while those who acquired the right under the later law should be thus bound and liable.

The sole ground on which the judgment of the District Court was reversed and the cause dismissed was, that under the law in force at the time the license was issued, bond executed, violated, and penalty recovered, the bond related to the business of selling the specified liquors generally, without reference to the place where they might be drunk, while the Act of 1893 required the same kind of a bond to be executed in relation to the sale of such liquors to be drunk at the place where sold.

In this respect the later law was thought to be so in conflict with the former as to operate its repeal; but it is believed that an examination of the statutes will show that there was no repugnancy whatever in this respect between the acts.

The Act of March 29, 1887, required a bond to be given in relation to the business of "selling spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, *in quantities less than a quart;*" while the Act of 1893 required the bond to be given in relation to the sale of the same kind of liquors, in any quantity, "*to be drunk on the premises.*"

The bond required under both laws was required to be conditioned that the seller "shall keep an open, quiet, and orderly house or place for the sale" of classes of liquors named.

Both acts require the bond to be thus conditioned, and each declares than "an open house in the meaning of this act is one in which no screen or other device is used or placed, either inside or outside of such house or place of business, for the purpose of or that will obstruct the view through the open door or place of entrance into any such house or place where intoxicating liquors are sold." To this the Act of 1887 adds the words "in quantities less than a quart;" while the Act of 1893, in same connection, uses the words "to be drunk on the premises."

Both acts contain the following: "A quiet house or place of business, within the meaning of this act, is one in which no music, loud and boisterous talking, yelling, or indecent or vulgar language is allowed, used, or practiced, or any other noise calculated to disturb or annoy persons residing or doing business in the vicinity of such house or place of business, or those passing along the streets or public highways." Both acts, in same terms, define "an orderly house."

While the Act of 1887 did not in terms declare that in order to obtain license to sell liquors named therein in quantities less than a quart, to be drunk at the place where sold, the bond prescribed should be executed, such was manifestly the purpose of the act.

This is evident from the safeguards given to the public and to individuals, through the bond, against wrong and annoyance most likely to follow the purchase and drinking of such liquors at places where people assemble for those purposes, but not likely to follow the sale of such liquors to be drunk elsewhere.

The bond has relation to sales in small quantities; in quantities so small that persons other than those intending to drink at the time and place of sale would not be purchasers.

If, however, there could be any doubt as to the intent of the former law, this would be removed by a consideration of the criminal laws bearing on the subject.

The occupation tax imposed on persons engaged in selling intoxicating liquors has varied from time to time, but has at all times been fixed by the quantity in which the person desires to sell; and at times all dealers have been required to procure a license; but the giving of a bond to this

end has been required only when the liquors were to be drunk on the premises where sold.

The laws in force prior to and since the enactment of the Penal Code have recognized a bond and license to sell intoxicating liquors in quantities less than a quart as authorization to permit the liquors to be drunk on the premises where sold, and the prohibition against permitting them to be drunk where sold applied only to sales of a quart or more. Gen. Laws 1856, p. 68; Rev. Stats., art. 4665; Gen. Laws 1881, p. 22; Gen. Laws 1887, pp. 59, 60; Penal Code, art. 377.

The Act of 1893 authorizes licensed and bonded vendors of such liquors to sell without reference to quantity, and to permit the liquor to be drunk on the premises where sold; but this does not conflict with any part of the former law prescribing the conditions of the bond required to be executed or fixing the penalty to be imposed for a breach.

There is no conflict between the former and later law in reference to any matter affecting the question involved in this cause, and it is only such parts of the former law as are in conflict with the later that it declares repealed.

The same fact occuring under the Act of 1893 as is made the basis of this action would authorize the recovery of the penalty adjudged to the State on account of a fact transpiring while the former law was in full force.

We are of opinion that the judgment of the Court of Civil Appeals on rehearing was erroneous, and its judgment will be reversed and the judgment of the District Court affirmed.

Delivered January 18, 1894.