## THE STATE OF TEXAS V. B. ROSENBERG.

### No. 841.

**Liquor Dealer's Bond—Acts of March 29, 1887, and of 1893—Repeal.**—In a suit for the statutory penalty of $500 against a liquor dealer for the breach of his bond in leasing a part of the building, in which he sold spirituous liquors to be drunk on the premises, to parties for the purpose of running and conducting games enumerated in the petition, and prohibited by the law, it was error to sustain a general exception to the petition, on the ground that the Act of 1893 repealed the Act of 1887, and thereby worked a pardon or repeal of all forfeitures and penalties under the Act of 1887, by reason of any breach of bonds made under said Act of 1887. There is no conflict between the Acts of the Legislature, in so far as they relate to the penalty here sued for; and the latter act repeals only such legislation as is in conflict with it.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY.

*Richard Mays*, County Attorney, and *J. S. Callicutt*, for appellant.— Suth. on Stat. Const., secs. 133, 134, 152; Matter of Est. of Prime, 136 N. Y., 355; Railway v. Lamkin, 3 Ct. App. C. C., secs. 30, 31; Railway v. Heard, 3 Ct. App. C. C., sec. 66; Roberts v. The State, 17 Texas Ct. App., 148; Dawson v. The State, 25 Texas Ct. App., 670; Robinson v. The State, 26 Texas Ct. App., 82; Lawhon v. The State, 26 Texas Ct. App., 101; Stoutsenberger v. The State, 4 Ct. App. C. C., sec. 247.

On rehearing: The State v. Morris, 18 S. W. Rep., 137; The State v. Eggerman, 81 Texas, 569; Sayles' Civ. Stats., art. 1117, sec. 1.

*Croft & Croft*, for appellee.—Const., art. 5, sec. 16; Bryan v. Sundberg, 5 Texas, 418; Stirman v. The State, 21 Texas, 734; Wade on Retroactive Laws, secs. 291, 292; 2 Ct. App. C. C., secs. 59–63, and authorities cited; Robinson v. The State, 19 Texas, 478; Halflin v. The State, 5 Texas Civ. App., 212; Montgomery v. The State, 2 Texas Civ. App., 619.

### ON MOTION FOR REHEARING.

FINLEY, ASSOCIATE JUSTICE.—The appellant, the State of Texas, on January 3, 1893, through its county attorney, filed this suit in the District Court of Navarro County against B. Rosenberg, a retail liquor dealer, and the sureties upon his liquor dealer's bond, for the sum of

$500, the statutory penalty for the breach thereof by said Rosenberg, in leasing a part of the building in which he sold spirituous liquors, etc., to be drank upon the premises, to parties for the purpose of running and conducting games enumerated in the petition, and prohibited by law, with other averments.

The appellee presented a general exception to said appellant's petition, and the court sustained the same; upon what ground, does not appear from the record. Appellant in its brief states, that the demurrer was sustained upon the ground that the law of 1893 (General Laws 1893, page 177) repealed the act approved March 29, 1887 (General Laws 1887, page 58), and thereby worked a pardon or repeal of all forfeitures and penalties under the Act of 1887, by reason of any breach of bonds made under said act.

The proposition presented by appellant's assignment of error is substantially as follows: "The court erred in sustaining a general exception to appellant's petition, on the ground that the law of 1887, Acts Twentieth Legislature, page 59, giving the penalty here sued for, was repealed by the law which was presented to the Governor on May 6, 1893, because said Act of 1893 did not repeal the law of 1887, nor the penalty there affixed, under which law the bond sued on was executed.

This proposition, we think, is well founded. There is no conflict between the Acts of the Legislature in so far as they relate to the penalty here sued for; and the latter act only repeals such legislation as is in conflict with it. The Supreme Court has recently held, that this Act of 1893 does not repeal such portions of the Act of 1887 as are not in conflict. The suit referred to was instituted to recover the penalty for permitting a minor to enter and remain in the house or place of business where liquor was sold, and is decisive of this question. Drake et al. v. The State, 86 Texas, 329.

The action of the court in sustaining the demurrer and dismissing the cause was error, for which the judgment must be reversed.

The motion for rehearing is granted, and the judgment is reversed and cause remanded for a new trial upon its merits.

The opinion originally rendered is withdrawn.

*Reversed and remanded.*

Delivered May 14, 1894.