## OTTO GERSTEMAN v. THE STATE.

*No. 1253. Decided December 21st, 1895.*

### 1. Selling Liquor Without License—United States Revenue Tax—Evidence—Examined Copy of Record Book.

On a prosecution for selling liquor without license, where the State was permitted to introduce a copy from a book kept in the office of the Collector of the United States Internal Revenue Tax, which showed that defendant had applied for revenue license; to which it was objected, that said copy was not the best evidence, and that even the original book of entries would be inadmissible, unless accompanied by the evidence of the collector to whom the tax was paid by defendant, and proof that said book was correctly kept Held: That where the book, from which the copy was taken, was one required by, and appears to have been kept in conformity with law, an examined copy of what the book showed was admissible in evidence.

### 2. Levy of Occupation Tax—New Law.

Where the occcupation tax was levied by the Commissioners' Court, in January, 1893, and defendant was charged with pursuing the occupation in October, 1893, and the new law upon the subject had taken effect in August, 1893, since which time there had been no new levy of the tax by the Commissioners'.Court. Held: That the new law not having changed the old, nor the amount of tax authorized to be levied, the levy of January, 1893, took effect as to the new law when it was passed.

### 3. License to Sell Malt Liquors, no Excuse for Sale of Spirituous Liquors.

A license to sell beer, only authorizes the sale of such beverage, and a party who only holds such a license, is liable for a sale of spirituous and vinous liquors, to the same extent as though he had no license of any kind.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for selling spirituous liquors without having obtained a license therefor, the punishment assessed being a fine of $450.

No further statement necessary.

*Perryman & Bullit*, and *W. C. Oliver*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for pursuing the occupation of a retail liquor dealer without having paid the State and county tax therefor, and without having procured a license for said occupation, and his punishment assessed at a fine of $450, and from the judgment of the lower court he prosecutes this appeal. Appellant contends that the court erred in permitting the State to introduce a copy from a book kept in the office of the Collector of Internal Revenue; said copy showing that the appellant paid the internal revenue tax to the Federal government for selling spirituous liquors from July 1, 1893, to June 30, 1894. Mr. J. E. Kauffman testified that he was the present United States Internal Revenue Collector, but was not the United States Inter-

nal Revenue Collector when the record from which said copy was taken
was made and entered; that said entries were made by his predecessor;
that the course of business in the office was for applications for internal
revenue licenses to be handed the proper clerk, and that the clerk to
whom these applications were handed entered the names of the appli-
cants in alphabetical order in a book kept in the office, and there was
placed opposite each name the kind of license applied for, that the list
that he had was a correct copy made from that book, which he found in
his office when he took charge of it; that he did not make the original
entries in the book of which that was a copy, and that he did not know
that the defendant had ever paid a United States internal revenue license
tax, but that his name was on the list of those who had made appli-
cation for internal revenue license. He also testified that this book was
required to be kept in his office, and was in his custody. Appellant's
ground of objection to this testimony was that said copy was not the
best evidence, but a copy of the book, and that the book itself should
have been produced, but that even the book, if presented, was not ad-
missible, because it was the right of the defendant to be confronted with
the witnesses against him, and the State should have produced the In-
ternal Revenue Collector to whom the payment of the tax was made by
appellant. He further objected that there was no proof that the books
of the Internal Revenue Collector were correctly kept. The court over-
ruled said objections, and admitted the evidence. Appellant excepted.

The Federal law on the subject of keeping an account showing the
payment of special internal revenue taxes is found in Section 3240 of
the Revised Statutes of the United States, which is as follows: "Each
collector of internal revenue shall, under the regulations of the Commis-
sioner of Internal Revenue, place and keep conspicuously in his office,
an alphabetical list of the names of all persons who shall have paid
special taxes within his district, and shall state thereon the time, place
and business for which such special taxes have been paid." The book,
in this instance, from which the copy was taken, appears to have been
kept in accordance with the above article, and, under the rules of evi-
dence on the subject, an examined copy of what said book showed was
admissible in evidence. 1 Greenl. Ev. §§ 91, 485, 508; Coons v.
Renick, 11 Texas, 134. We believe this evidence was admissible. Aside
from this, however, the admission of this evidence could not have in-
jured the rights of appellant, for in his own testimony he admits that
he paid the internal revenue license on said occupation of retail liquor
dealer for the year 1893. Appellant, in his second bill of exceptions,
insisted that the court committed an error in allowing the introduction
of the order of the Commissioners' Court levying an occupation tax
against the sellers of spirituous, vinous and malt liquors and medicated
bitters capable of producing intoxication, because he says that this order
of the Commissioners' Court was made in January, 1893, and the new law
on the subject took effect in August, 1893, and the indictment charged
that he was pursuing the occupation in October, 1893, and that the

order of the Commissioners' Court could have no relation to the new law. In answer to this it is sufficient to say that there was no change in the law, nor in the amount of taxes authorized to be levied by the Commissioners' Court, and the levy in January, 1893, took effect as to the new law when it was passed. See State v. Drake, 86 Texas, 329. The appellant in this case urges that the court in its charge to the jury gave them the wrong penalty. The charge given states the penalty at not less than the amount of the taxes so due, and not more than double that sum, or by imprisonment, as prescribed by the act of 1893. In this connection he urges that the evidence showed that he had a license for selling malt liquors, and that the proof tends to show that he had made a sale of spirituous or vinous liquors, and that it was a sale other than authorized by his license; and in such case he would be subject to a fine of not less than $50 nor more than $100, or imprisonment in the county jail from ten to thirty days. We do not understand the statute to bear the construction contended for. A license to sell beer only authorized him to sell that character of beverage, and his license and bond was only applicable to the sale of malt liquors, and if he sold malt liquors otherwise than provided in his license he was liable to the penalty contained in the latter part of Section 6 of the Act of 1893; but under said license he was not authorized to sell spirituous or vinous liquors in any mode, and he was liable for a sale of such liquors as if he had no license. The evidence in this case supports the verdict, and the judgment is affirmed.

*Affirmed.*