## THE STATE v. ARCHIBALD ROBINSON.

There was no Statute in this State on the 1st day of November, 1854, under which an indictment could be sustained, for selling spirituous liquors in less quantity than one quart, without license.

Appeal from Tarrant.   Tried below before the Hon. John H. Reagan.

Indictment found November 1st, 1854, charging that the defendant, on &c., at &c., did then and there keep a storehouse for the sale of spirituous liquors by retail, and did then and there deliver whisky to Levi Franklin in smaller quantities than one quart, without having first obtained license therefor, a majority of the qualified electors of said Tarrant county not having, at an election held for that purpose on the seventh day of August, in the year of our Lord one thousand eight hundred

and fifty-four, cast their votes in favor of the granting of such license ; contrary to the form of the Statute in such cases made and provided, &c.

Indictment quashed on motion.

*Attorney General*, for appellant.

WHEELER, J. The indictment was found under and with express reference to, the Act of 1854, declared unconstitutional in the case of the State v. Swisher, decided at Austin, October Term, 1856. There was in that case an intimation of opinion (in which, at the time, I concurred) that the indictment might be maintained under former laws. On a review of the legislation on the subject, however, it seems clear that the Act of the 3rd of February, 1845, (Hart. Dig. Art. 3073,) was repealed when this indictment was found. It would be difficult to maintain that it was virtually and impliedly, though not expressly repealed by the substitution of an entirely new system of laws on that subject, upon the change of government. Be that as it may, it certainly was repealed by the 38th Section of the Act of the 11th February, 1850, which expressly repeals " all laws and parts of laws heretofore passed in relation to the mode of assessing and collecting taxes, except so far as they relate to the collection of taxes heretofore assessed." (Hart. Dig., Art. 3204.) The provision under which it has been supposed the indictment might be maintained, is the 3d Section of the Act of the 3d of February, 1845, which enacts that " any person who shall violate any law or laws requiring the payment of license taxes, shall be deemed guilty of a misdemeanor, &c. (Hart. Dig. Art. 3073.) The repeal of the laws requiring the payment of taxes, must necessarily operate a repeal of the penalty for their violation, though it were not expressly included in the repealing Statute. There can be no penalty or criminality in violating a repealed Statute. It seems perfectly clear that the repeal of the former laws on the subject effected a complete abrogation

of all their provisions ; not only those enjoining the duty of the citizen, but those annexing a penalty to its violation. We conclude, therefore, that the present indictment cannot be maintained ; and that there is no error in the judgment.

Judgment affirmed.