## S. L. HEARN ET AL. *v.* JOHN T. BROGAN.

1. LIQUOR LICENSE.  *Local option law.  Form of petition for license thereunder.  Objections thereto.  Case in judgment.*

   An·election was held in the County of C. under the local option law, approved March 11, 1886, which resulted in favor of the sale of liquors.. A petition was filed under this act which failed to set out that the applicant for license " is a male citizen," as prescribed by the statute, but states his name to be " John T. Brogan," and several times refers to him by using the pronoun "him." The applicant did not present an individual petition for license, but signed a petition to that effect, together with those who recommended him, as required by the law.   The petition was for a license to retail and sell liquors, without specifying in what quantities the applicant wished to sell.   The petition was addressed to the authorities of a municipality who. only had authority to grant licenses to retail, and under ₴ 1097, Code of 1880, a license to retail is a license to sell in any quantity.   *Held,* that these informalities present no valid reason against the issuance to the applicant of a license to retail liquors.

2. SAME. *Local option law. Effect of election under. Code of 1880 and amendments thereto.*

Where, under the "local option" law, approved March 11, 1886, an election is held and results in a majority against "the sale" of liquors, the effect is to suspend for the time prescribed in that act the former law for the regulation of the liquor traffic, but if a majority be "for the sale" the Code of 1880 and amendments thereto, as further amended by the act above referred to, constitute the law applicable to the liquor traffic. That act contains no express repeal of the code provisions, and, therefore, does not operate as a repeal, except in so far as it may be inconsistent with them.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

On August 26, 1886, John T. Brogan presented to the Board of Mayor and Selectmen of the City of West Point, in Clay County, a petition for license to sell vinous and spirituous liquors as follows :

" Your undersigned petitioners, being real estate owners in said city, over the age of twenty-one years, do hereby recommend John T. Brogan, a resident in said city and county, to be a person of good reputation and moral character, and a sober and suitable person to receive a license to retail and sell vinous, spirituous, and malt liquors in any quantity within said city, and we join with him in praying for a license for him and to him to sell the same in the two-story brick house on the southeast corner of Main and Commerce streets, in said city, now occupied by said L. Weiler."

Signed by William Parrish, John T. Brogan, and thirty-nine others.

On September 1, 1886, S. L. Hearn and many others filed before the same body a counter-petition to the one above set out. On September 4, 1886, the Board of Mayor and Selectmen of West Point granted Brogan license to retail liquors in accordance with his petition, over the objection of the counter-petitioners, who appeared and moved to dismiss the petition, (1) " because the said John T. Brogan did not file before the said board such petition as was required by law before any such license could be granted ; (2) because said petition does not show what kind of a license the said John T. Brogan desired, nor is the said petition by the said John

T. Brogan ; (3) because the said petition does not show in what quantity the said John T. Brogan desired a license to sell vinous and spirituous liquors." The counter-petitioners appealed to the circuit court. The petitioner Brogan there appeared and moved the court to dismiss the appeal, "(1) because the appeal was not taken in the time required by law ; (2) because there was no application for appeal and no appeal taken as required by law ; (3) because there is no appeal-bond on file approved as required by law ; (4) because it does not appear from the record that there is any bill of exception to the action of the board of mayor and aldermen." This motion was sustained and the appeal dismissed. The counter-petitioners, Hearn *et al.*, appealed to this court. The record nowhere states whether an election had been held in Clay County under the "local option" law approved March 11, 1886, nor under what law petitioner seeks a license.

*Fred Beall,* for the appellants.

The appeal was properly taken. The contestants did all that the law required them to do. *McGee* v. *Beall,* 63 Miss. 455.

This petition is, I submit, insufficient in the following particulars :

First. Brogan does not appear by said petition to be a "male person." On this point the record throughout is wholly silent. Nowhere in the record does it appear that the appellant was a "male person." *Rhodes* v. *Silk,* 63 Miss. 308 ; *Tally* v. *Grider,* 66 Ala. 119 ; *Loeb & Co.* v. *Duncan,* 63 Miss. 89 ; *Corbett* v. *Duncan,* 63 Miss. 84 ; *McGee* v. *Beall,* 63 Miss. 578.

It cannot be assumed that *John* is a male in these days, for no longer does the name indicate the sex.

The applicant did not comply with that part of the statute which says "said applicant shall make application in writing to the said board of supervisors or municipal authorities setting forth the place where said liquors are to be sold, etc."

There is nothing in the record but the recommendation of the twenty-five real estate owners.

True, that recommendation is signed by a John T. Brogan, but it does not appear that he is the applicant. It is hardly to be as-

sumed that he would recommend himself, but the presumption would be that he is a real estate owner, as the paper states, one of the necessary twenty-five who recommend the applicant.

The recommendation or application is to sell liquor in any quantity.

There are two statutes upon the subject of retailing besides the act of 1886.

The Code of 1880 is the general law; then the act of 1884 provides for the sale of liquors in any quantity over one gallon, and not exceeding five gallons. The application should state in what quantity the applicant desires to sell, but in the case at bar there is no such statement.

*White & Fox*, for the appellee.

1. The circuit court did not err in sustaining the motion to dismiss the appeal.

2. If this court should determine that the appeal was improperly dismissed, and that, instead of remanding the case, they should, on this appeal, consider the sufficiency of the petition for license, we say that the objections urged to this petition are utterly untenable and without authority.

To the first objection we say that if it is true that, as counsel says, "it cannot be assumed that John is a male," by reference to the petition, it will be found that the name John T. Brogan is referred to *three times* by the personal pronoun "*him*." The petition, after recommending Brogan to be a suitable person to receive the license, says: "We join with '*him*' in praying a license for '*him*,' and to '*him*'" to sell the same. Though we never heard of one, there may be women named *John*, but we are satisfied that even the most illiterate never yet referred to the name of a woman by the personal pronoun "*him*."

If it must appear as a jurisdictional fact, which we deny, has this court any doubt, from the reading of the petition, that applicant is a male person?

To the second objection that John T. Brogan made no application in writing, we say that this application is not required to be separate from the petition of real estate owners.

64 Miss.—22.

To the third objection that the petition should state in what quantity applicant desired to sell, we say, first, that this objection was strenuously urged in the case of *McCrary* v. *Rhodes & Silk,* 63 Miss. 308, and the court did not even consider it, and we say, secondly, that even if the objection was tenable then, it is of no force under the local option law, that act abolishing all distinction, and § 6, which contains the provision in reference to the petition for license, uses the word *sell* all the time instead of *retail,* which was used in the code.

It provides for a petition for license to *sell,* the very word used in applicant Brogan's petition.

Where there has been no election held, the code and acts amendatory thereof govern. When an election is held they no longer govern, because the local option act makes every provision with the greatest particularity for the minutest details in the granting and issuing of license.

CAMPBELL, J., delivered the opinion of the court.

The result attained by dismissing the appeal was correct, whether the appeal should have been dismissed or not, for on the merits, as presented by the record, the law is with the appellee. Therefore we decline to decide as to the validity of the appeal, merging it in the paramount question, whether it could have been available.

That it was not avered that John T. Brogan is "a male person," and that he and the requisite number of those required joined in one petition for license, instead of his having one and his supporters another, and that the petition is for license to sell, without specifying in what quantities, constitute no valid objection. One licensed to retail may sell in any quantity. Code, § 1097. The only license the municipal authorities could grant was to retail, and as that confers the right to sell, there is no reason why applying in terms for a license to sell generally should be bad. We assume that an election has been held in Clay County under the act of 1886, and that it resulted in favor of the sale of liquors, because the record shows an attempt to comply with that act, which would be inappropriate if such election had not been held.

This being so, the code and amendments, as further amended by the act of 1886, constitute the law applicable. It is not true that an election under the late law abrogates the former law. If the result is against the sale, the former law is thereby suspended for the time, and the new law governs with its provisions and penalties for its violation, but if the result is for the sale, the former law remains in full force, modified by the new as to the terms on which license may be obtained. Were this not true, we would have this result : In an election favorable to the sale there would be no penalty for selling vinous and spirituous liquors in any quantity, for the only penalties provided by the new law are for violating its provisions ; if the result of the election is against the sale, and in case of contrary result, the code alone or former amendatory laws must be looked to for penal sanctions against the unlicensed traffic in liquor.

There is no express repeal of former laws by the late act, and as repeals by implication are never favored, the new law must be held to displace or suspend the former only to the extent of inconsistency between them. There is nothing in the latter enactment inconsistent with continued operation of former statutes, except as stated above in this opinion. The express declaration in the last act in § 6 that "in case license be granted said applicant, he shall, before commencing the sale of such liquors, pay the tax and give the bond, as now provided in chapter 39, Revised Code 1880, and in § 7 : "That the acts in relation to the sale * * * as found in Code of 1880 and acts amendatory thereof, shall govern and control the granting and issuance of license to sell such liquors," were unnecessary and serve no purpose, except to suggest that perhaps the legislature, in expressing these things of former laws as to continue, manifested a purpose to exclude all else on the familiar rule expressed by the maxim *expressio unius, exclusio alterius est ;* but while these expressions give countenance to the view contended for by some, they are not sufficient to overcome the fact that there is no express repeal of former laws, and the rule that repeals by indirection and implication are not favored.

*Affirmed.*