STATE v. E. W. STOUTSENBERGER ET AL.

(No. 6901.)

APPEAL from Parker County.   Opinion by HURT, J.

J. S. HOGG, Attorney-General, JOHN T. CRADDOCK and R. C. McCONNELL, counsel for the state.

JOHN T. HARCOURT, counsel for appellees.

§ 247. *Liquor dealer's bond; suit by state to recover penalty for breach of; jurisdiction of county court.* This action was brought in the county court of Parker county on January 3, 1890, by the county attorney of said county, in the name of the state of Texas, for the use and benefit of said county, against E. W. Stoutsenberger, a retail liquc dealer, and Charles Scheuber, C. M. Carb and Eggerman & Co., sureties on his bond as such, to recover the statutory penalty of $500 for the breach of such bond. The appellant alleged the execution by the appellees of the bond required by the general laws of persons engaging in the sale of spirituous, vinous and malt liquors, and medicated bitters producing intoxication, in quantities less than a quart; the approval of such bond by the county judge, and its subsequent delivery to and filing by the clerk of the county; alleging that said bond, among other things, was conditioned that appellee Stoutsenberger would not keep, or permit to be kept, for profit, amusement or other purposes, in or about his place of business, any pool table; that, in violation of said condition of the bond, the appellee Stoutsenberger, being engaged in the sale of intoxicating liquors in quantities less than a quart, in said Parker county, did keep, and permit to be kept, for profit, amusement and other purposes, in his said place of business, a certain pool table.   Prayer for $500 penalty.   Appellees answered by plea to the jurisdiction of the court, general denial, special demurrer and general

demurrer; and further answered, specially, that the act of the legislature prescribing a penalty of $500 to be recovered for breach of such bond was an exercise of judicial power, and therefore unconstitutional and void; a license issued to the appellee Stoutsenberger, by the comptroller and collector of taxes, to keep a pool table; and a counter-claim against appellant for $100 expended by them in the employment of counsel to defend the suit. The case went to trial on the 27th of January, 1890, on the general demurrer of the appellees. The court sustained the general demurrer to the appellant's petition, and rendered judgment that the appellant take nothing by said suit, and that the appellees recover of the appellant costs, etc. No action was taken by the court upon the plea to the jurisdiction, nor upon any of the special exceptions filed by the appellees. Appellant excepted to the judgment of the court, and in open court gave notice of appeal to the court of appeals.

Appellant assigned the following errors, the second and third of which are asked to be considered together: (1) "The court erred in sustaining defendants' general demurrer [exceptions] to plaintiff's original petition, because said petition states a complete cause of action." (2) "The court erred in sustaining defendants' general exception to plaintiff's petition, because 'pool tables' are prohibited by the conditions of defendants' bond from being run or kept in a retail liquor saloon." (3) "The court erred in sustaining defendants' general exception to plaintiff's petition, because by law the conditions of a retail liquor dealer's bond are provided, and defendants having entered into said bond, one of the conditions of said bond being that the principal will not keep or permit to be kept, in or about his place of business, for profit, amusement or other purposes, any pool table, the mere fact that he keeps said table for profit or other purposes is a breach of the conditions of said bond, and the penalty may be recovered by the state."

Was there error in sustaining the general demurrer to plaintiff's petition? Counsel for the appellees contends that the county court had no jurisdiction over the subject-matter of the suit, because it is a suit in behalf of the state to recover a penalty. If this proposition be correct, then the judgment below dismissing the suit was correct. Section 8 of article 5 of the constitution provides that the district court shall have original jurisdiction of all suits in behalf of the state to recover penalties. The object of this suit is to recover a penalty. This is beyond question. Is this a suit in behalf of the state? The act of March 11, 1881, required from liquor dealers a bond, prescribing its conditions. It also provided that, in addition to civil proceedings for individual injuries on said bond, "if any person or firm shall violate any of the conditions of the bond herein required, it shall be the duty of the county treasurer, and the county attorney, and the district attorney, or either of them, to institute suit thereupon in the name of the county judge of the county, for the use and benefit of the county, and the amount of $500 as a penalty shall be recovered," etc. This court held, in the case of Grady v. Rogan, 2 Civil Cas. Ct. App., § 197, that a suit in the name of the county judge, for the use of the county, under the act of March 11, 1881, was not a suit in behalf of the state. This holding was, we think, correct, under the law as it then was. But the act of March 29, 1887, in addition to civil proceedings for individual injuries brought on said bond, provides that "if any person, firm," etc., "shall violate any of the conditions of the bond herein required, it shall be the duty of the county or district attorney, or either of them, to institute suit in the name of the state of Texas for the use and benefit of the county." Under the act of 1881, the suit could and must have been brought in the name of the county judge. Under the act of 1887, it must be brought in the

name of the state.    As the money when recovered must go to the county under both acts, why this change? We are not certain as to the reason which prompted the legislature to make this change, but it may have been to conform to the spirit of the constitution by requiring such suits to be brought in the district court.    Be this as it may, the suit must be brought in the name of the state of Texas.    The object of the suit being to recover a penalty, and the law requiring it to be brought in the name of the state, is such suit so brought for such purpose a suit in behalf of the state?    Counsel for the state, in a very strong brief, contend that, as the county is the beneficiary, it is not a suit in behalf of the state, but one in behalf of the county.    The legislature in its wisdom saw fit to give the penalty, when recovered, to the counties.    The university, the common schools or the asylums could have been made the beneficiaries, but the counties were selected.    Had the university been selected, then, if counsel for appellant be correct, a suit brought by the state, for the use and benefit of the university, would not have been a suit in behalf of the state, but in behalf of the university.    It is urged that the state has no actual interest to be recovered, and hence this suit is not in behalf of the state.    We think the state has an interest in this matter; she is deeply interested in the prosperity of all her subdivisions and institutions, her cities, counties, her university and common schools, and her eleemosynary institutions.    The success of these contribute largely to the building of a large state.    We are of opinion that 'the county court did not have jurisdiction of this suit; that this is a suit in behalf of the state to recover a penalty, and therefore it must be brought in the district court.    It follows from this that the county court did not err in sustaining the plea to the jurisdiction.    Neither the trial court nor this court having jurisdiction of the subject-matter of the suit, no

opinion will be expressed upon the other questions in the case, as, under the view we take, they must be decided in another jurisdiction.

May 6, 1891.                                   Affirmed.

DAVIDSON, J., being disqualified, did not sit in this case.