## ZAY GIBSON V. THE STATE.

### *No. 486.    Decided March 13.*

1. **Occupation Tax in Local Option Districts—Druggists.**—On the trial of a druggist for selling liquor upon prescription in a local option district without having paid the occupation tax and taken out license, where it was contended that such occupation license was required by the proviso to section 1 of the Act of 1893, page 177, *Held*, that the prosecution is not maintainable, that said act does not refer to and has no application to local option districts, and that the local option law, when put into operation, suspends and supersedes such laws as levy an occupation tax upon the sale of liquors in said district.

2. **Local Option and Occupation Laws—Inconsistency Between.**—Local option laws and occupation laws are so clearly repugnant and inconsistent as that the operation of the former must exclude the operation of the latter in the same territory.

3. **Proviso of a Statute.**—When a statute is suspended or abrogated, any proviso of said law is necessarily abrogated and suspended also, unless there is legislation clearly indicating the contrary.

4. **Druggist—Liability of in Local Option District.**—A druggist can not, by paying an occupation tax, engage in the business of a retail liquor dealer in a local option district; his rights, privileges, and liabilities are the same as those of other citizens under both the occupation and local option laws.

APPEAL from the County Court of Clay. Tried below before Hon. F. J. BARRETT, County Judge.

This appeal is from a conviction for pursuing the occupation of a liquor dealer without having obtained a license, the punishment assessed being a fine of $450.

The evidence showed, that appellant was carrying on a drugstore at Prospect, in Clay County, and that he sold the liquor as medicine, and upon the prescription of a regular practicing physician, and only in cases of actual sickness. It was admitted that defendant had not paid an occupation tax as a retail liquor dealer; and it was admitted by the prosecution that local option was in full force and effect in all of Clay County except in the city of Henrietta, and that it was in force in the locality in which the defendant sold the liquor.

*Templeton & Patton,* for appellant.—Where the local option law has been adopted and put in force, and local prohibition has been declared in any particular locality, it operates as a repeal, within such locality, of all laws and parts of laws in conflict with it, and revokes eo instanti all licenses for the sale of intoxicating liquors therein; and no valid tax can be levied on or license issued to pursue the occupation of selling such liquors in said locality. Roberts v. The State, 5 Texas Crim. App., 155; Robertson v. The State, 12 Texas Crim. App., 541; Boone v. The State, 12 Texas Crim. App., 184; Ex Parte Lynn, 19 Texas Crim. App., 293.

Whenever the local option law has been legally passed, and local prohibition has been legally promulgated in any particular locality, the subject has passed beyond the domain of legislative action, and no subsequent amendment or change of either the Constitution or of the local option law or of the license law, without the sanction of the qualified voters of that locality given in a legal manner, can be imposed upon or affect such locality; but the local option law as originally adopted in said locality will remain in full force and effect therein until it is repealed by the legal voters therein. Dawson v. The State, 25 Texas Crim. App., 670; Robinson v. The State, 26 Texas Crim. App., 82; Lawhon v. The State, 26 Texas Crim. App., 101; Winston v. The State, 32 Texas Crim. Rep., 68.

Lest this court may never discover the theory upon which appellant was convicted, we will state, that the contention in the trial court was, that by the passage by the Twenty-third Legislature of the Act of May 6, 1893, found on page 177 of said acts, all local option laws were repealed; and that section 1 of the license act imposed a tax on all druggists selling intoxicating liquors on prescriptions of physicians, etc. To this contention we reply, first, that if the Legislature had intended by the passage of said act to repeal all local option laws, it had no power to do so, and the attempted repeal would be nugatory. Authorities cited under last preceding proposition. Second, that there is nothing in this act, properly construed, which repeals or in any way affects the localities wherein local option had been adopted. It is true that in section 1 of said act it is provided, that nothing in that section shall be so construed as to exempt druggists who sell on the prescription of a physician, etc. To this we reply, that this provision is only a limitation on that section; there is nothing in the section which purports to levy a license tax in a local option district. This is a general statute, while the local option law is, in effect, a special law operative in certain localities, and operates as an exception to the general law.

We therefore insist, that the license law is not inconsistent with the local option law. And we are strengthened in this view by the fact, that at the time of the passage of this license law (which took effect from and after its passage), this same Legislature had but a few days before, viz., on March 29, 1893, passed an amendment to the local option law, which took effect thereafter on the 8th day of August,

1893 (Acts Twenty-third Legislature, p. 48), wherein it was provided, that where local option was adopted in any specified locality, a proportionate amount of the occupation taxes paid by a liquor dealer in such locality should be returned to them for the unexpired time. Supp. to Sayles' Stats., art. 3239b. Now, we submit that this proviso would be entirely useless, if a party were required to have a license to sell liquors in a local option district. This evidences the intention of the Legislature that no tax could be levied on or license issued to dealers in such localities as had adopted this law. But it was contended by the State's counsel, in the trial court, that these two acts are inconsistent and can not stand together. This we deny; but if it were true, the local option law, being the last to take effect, would operate as a repeal of that part of the license law which was inconsistent therewith. Suth. Stat. Con., sec. 160.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for pursuing the occupation of selling intoxicating liquor without having obtained a license for that purpose. He was a druggist, kept intoxicating liquors in stock, sold them on prescription of physicians, and had not obtained a license for pursuing the occupation of retail liquor dealer. His drugstore was situated in a local option district, and it was there he sold said intoxicants. These facts are undisputed. Appellant contends that, as local option was in force, he was not required to obtain a license for that purpose, in order to sell liquor; that he ought not to have been prosecuted for the offense charged. It has been uniformly held in this State, that local option, when put into operation, suspends and supersedes in the given territory, for the time being, those laws which require the issuance of license to parties engaged in the sale of intoxicating liquors. It is also held, that it operates a revocation of licenses issued prior to the adoption of local option in such districts.

The prosecution contended, and was sustained by the trial court in that contention, that the Act of 1893 (page 177), levying a tax upon such occupation, intended, by a proviso contained in section 1 of said act, to require druggists selling liquor in local option districts to obtain a license for that purpose before they could sell upon prescription. That proviso is as follows: "Provided, that nothing in this section shall be so construed as to exempt druggists who sell spirituous, vinous, or malt liquors, or medicated bitters, on prescription of a physician, or otherwise, from the payment of the tax herein imposed." Said section, from which the proviso is an excerpt, levies a tax upon the occupation of selling the intoxicants mentioned, and was enacted for that purpose alone. It refers only to such tax, and the cited proviso was intended to include druggists who sold upon prescription or otherwise, and to prevent an evasion of its terms by such druggists under any and all subterfuges. It does not relate to local option, nor has it any reference

whatever to the laws regulating the sale of intoxicants in local option districts. The local option law, when put into operation, suspends and supersedes such laws as levy an occupation tax upon the sale of liquors. The very object and intent of the local option laws are to prevent the sale of such liquor, to prohibit such occupation from being carried on in the given territory, and as such special laws control the general law, the State has not undertaken to maintain the two very inconsistent laws in the same territory, if, indeed, it could be done. The two laws are so clearly repugnant and inconsistent that the operation of one would seem to exclude the operation of the other. Again, the law levying the tax upon such occupation being suspended or superseded, it follows, that the proviso contained in said law is also superseded. The proviso is but a part of the section of the act in which it is embodied, and was intended only to render it more effective as to the matters set out. When that law is abrogated or superseded, the proviso is necessarily abrogated or superseded, unless there is legislation clearly indicating the contrary.

That this view is correct is, we think, rendered certain by the terms of the statute, which provides, that "in all cases where any person, firm, or association of persons, pursuing the occupation of liquor dealers, under license in accordance with the laws of this State, has been or shall hereafter be prevented from pursuing such occupation for the full time to which he would be otherwise entitled, by reason of the adoption of local option in any county, precinct, subdivision of such county, town, or city, a proportionate amount of taxes paid by him for the unexpired time shall be refunded to him." Acts 1893, p. 51, art. 3239b. This statute unquestionably provides for refunding occupation taxes paid by liquor dealers whenever local option operates to discontinue their business, and this pertains as well to druggists selling on prescription as to others who sell without prescription. Having paid the tax prior to local option being put in force, the said druggist would be entitled to a proportionate reimbursement of taxes so paid by him. Being taxed under the same law as other liquor dealers, he is liable to the same burdens, and entitled to the same rights and privileges. It can not be contended with any degree of plausibility that he must pay, and be, at the same time, reimbursed to amount of taxes so paid. This would result in the novel process of paying and refunding the tax as rapidly as paid during the existence of local option. Nor was it intended that the druggist should, by having paid the tax, continue his business in such local option district while all others, who had paid the same tax, and who were engaged in the same business under the terms of the same law, should be forced to go out of business. Their rights, privileges, and liabilities are equal and the same under both laws. Acts 1893, pp. 51, 177, already cited.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.