## THE STATE, FOR USE OF SAN SABA COUNTY, V. WILEY WILLIAMS ET AL.

### No. 1195.

1. **Local Option—Suit on Liquor Dealer's Bond.**—The local option law when put in force does not affect suits upon liquor dealer's bonds for liabilities already incurred. The liabilty is one of contract, which could not be impaired by a subsequent statute.

2. **Case Adhered to—Liquor Dealer's Bond.**—The State v. Drake, 86 Texas, 329, followed. The Act of 1893 did not repeal the Act of 1887 prescribing the nature of bonds required of liquor dealers.

ERROR to District Court of San Saba County. Tried below before Hon. W. M. ALLISON.

*Leigh Burleson,* for defendant in error, urged motion to dismiss the writ of error, "Because since this case was tried in the District Court, and since the writ of error in this case was sued out, there has been an election held to determine whether or not spirituous liquors should be sold in precinct number 1, in which is situated the defendant's place of business, and at said election prohibition was carried, and the law known as the local option law was put in force in precinct number 1, and is still in force."

The facts set out in the motion are shown by agreement thereto signed by the county attorney, counsel for the State, and by certificate of the county judge of San Saba County.

*M. M. Crane,* Attorney-General, and *H. P. Brown,* Assistant, resisting motion to dismiss.—1. The defense that local option has been adopted for a particular locality being distinct, substantive matter relied upon as exemption from liability, is foreign to the issue presented by the State in this case, and the burden of proving such defense is on the appellee. Donaldson v. The State, 15 Texas Ct. App., 25.

2. Local option law being for a particular locality only, is a quasi-local, or special law, and depends for its validity upon its adoption in conformity with prescribed regulations of law, and unless so adopted it is void, and though promulgated by proper authority, is neither binding upon nor notice to any one. The notice fails to allege, and the certificate of the county judge accompanying same fails to show, the adoption of local option in conformity with prescribed regulations. Acts March 29th, 23rd Leg., p. 48; Donaldson v. The State, 15 Texas Ct. App., 25; Curry v. The State, 28 Texas Ct. App., 475; Ex Parte Burge, 32 Texas Ct. App., 459; Wills. Crim. Stats., p. 121, sec. 632, and authorities cited.

3. Whether local option has been adopted in a particular locality is a question of fact to be proven, and the mere certificate of the county judge that the law known as the local option law was by an election held on a certain date put in force, and is still in force therein, is not only not proof of the fact, but is inadmissible as evidence to prove same. Ezzell v. The State, 29 Texas Ct. App., 521; The Commonwealth v. Day, 23 S. W. Rep., 193; The State v. Dugan, 110 Mo., 138.

4. The adoption of the local option law, said law not having in it any provision for the repeal of laws in conflict therewith, does not repeal but simply suspends the general liquor law; and after local option is adopted, a person may be held liable for a violation of the general law committed before its adoption. The People v. Wade (Mich.), 59 N. W. Rep., 438; Bell v. The State (Ga.), 18 S. E. Rep., 288.

5. A repeal of a statute leaves unaffected all rights in the nature of a contract which have vested under the original statute. Collins v. Warner, 63 Texas, 314.

6. The Act of March 29, 1887, section 4, was not repealed by the Act of May 6, 1893, section 9. The State v. Marsden, 26 S. W. Rep., 637;

The State ex rel. Hudson v. Rohde, 25 S. W. Rep., 688; The State v. Rosenberg, 27 S. W. Rep., 293.

*P. B. Faver*, County Attorney, for plaintiff in error.—1. The repeal of an act under which suits have been brought and are pending at the time of the repeal does not affect such suits where the same act which makes the repeal contains a substantial re-enactment of the provisions under which the suits were brought. McMullen v. Guest, 6 Texas, 275; Ennis v. Crump, 6 Texas, 34; Taylor v. Duncan, Dall., 514; Ins. Co. v. Ray, 50 Texas, 512; Thouvenin v. Rodrigues, 24 Texas, 468; Handel v. Elliott, 60 Texas, 149; Drake v. The State, 24 S. W. Rep., 790.

2. A subsequent statute having in it a repealing clause, repealing all laws and parts of laws in conflict with it, can not be construed to repeal any parts of the former statute not repugnant to or in conflict with the provisions of the latter; for when this result is reached the repealing clause is satisfied, and all parts of the former law not so repugnant must be held in force and operative upon all transactions to which they apply. Stirman v. The State, 21 Texas Ct. App., 736; Drake v. The State, 24 S. W. Rep., 790; Harold v. The State, 16 Texas Ct. App., 157.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought May 20, 1893, by the plaintiff in error against Wiley Williams and the sureties on his bond as a retail liquor dealer in quantities less than a quart, said bond being for $500, alleging a breach of the condition relating to the permitting of minors to enter and remain in the place where the business is carried on. The court sustained exceptions to the petition and dismissed the suit, upon the ground that the Act of 1887, under which the bond was executed (Sayles' Civil Statutes, article 3226a, section 4), was repealed by the Act of 1893 (General Laws 1893, section 9, page 179), which last act was presented to the Governor for his approval on the 6th day of May, 1893, but was not signed by him, or returned to the house from which it originated with objections thereto, in the time prescribed by the Constitution, and became a law without his signature. The bond sued on was dated October 20, 1891. The breach alleged was of date May 13, 1893. The suit was dismissed by the court below November 22, 1893, and plaintiff has brought the case to this court by writ of error, the transcript of which was filed April 5, 1894.

There is an agreement on file in this court, signed by the attorney for defendants and the county attorney of San Saba County (who represented the plaintiff in the lower court), to the effect that since the writ of error was sued out, by a vote of the people in justice precincts 1 and 4 of San Saba County, the law known as the "local option" law, passed by the Legislature, approved March 29, 1893, has

been put in force and effect in the named precincts and is now in operation, and that the house or saloon in which defendant Williams did business was, at the time of the alleged breach of the bond, and now is, in precinct 1 of San Saba County. There is a certificate of the same purport by the county judge of the county filed in this court with a motion of defendants to dismiss the cause.

We are asked to dismiss the writ of error, upon the ground that the adoption of the local option law has had the effect to repeal the laws regulating the sale of intoxicating liquors in the precinct named, and to render inoperative the bond executed under such laws. Conceding that the question can be raised at this time and in the manner in which it is presented to us, we do not think the motion to dismiss has any merit. The suit is based upon a written obligation—a contract to pay a stipulated sum, ascertained and liquidated by the law and the agreement of the parties. The right to recover the amount sued for by the terms of the bond became vested upon the breach alleged, and would not be affected by the subsequent suspension of the law providing for the bond. The law may be revived and put in operation again, but, if it never could be put in force again, the liability incurred by the breach of the bond would not be extinguished. Prosecutions for offenses committed under the law regulating the sale of liquors—to recover a fine or to punish the offender—would be affected by the abrogation of the law in the locality where it had been violated. But this is not a prosecution under a criminal statute, or to recover a penalty, in its proper sense, fixed by statute. It is a suit upon a contract for an amount due under the contract authorized and legalized by the law—an amount incurred while the law and the contract were in force. "When a right in the nature of a contract has vested under an original statute, its repeal will not disturb the right." Sedg. on Const. and Stat. Law, 132–134, and authorities cited in note on page 132; Collins v. Warren, 63 Texas, 314; The People v. Wade (Mich.), 59 N. W. Rep., 438; Bell v. The State (Ga.), 18 S. E. Rep., 288; The State v. Drake, 86 Texas, 330. The amount sued for, being the subject of contract made so by law—the extent of the wrong to be prevented being uncertain and not measurable by known and established rules—was estimated and fixed by the contract as permitted and prescribed by statute. In such case, the liability under the same became one of contract, which could not be impaired by a subsequent statute. Const. U. S., art. 1, sec. 10; Durst v. Swift, 11 Texas, 282; Yetter v. Hudson, 57 Texas, 613; Eakin v. Scott, 70 Texas, 444. The motion to dismiss the writ of error is overruled.

We think the court below erred in sustaining exceptions to the petition. The Act of 1893 did not repeal that part of the Act of 1887 under which the bond sued on was made. This was decided in the case of The State v. Drake, 86 Texas, 330, to which we refer for a full discussion of the question

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered April 10, 1895.

1192, The State v. Ed. House et al.; 1194, The State v. W. F. Fielder et al. These cases involved the same issues as in The State v. Williams, and for same reasons they were reversed and remanded.