## O. Y. RATHBURN & CO. v. THE STATE.
### No. 293.

**1. Local Option—Druggists, Etc.**
A person engaged in the sale of spirituous, vinous, or malt liquors, in quantities of one gallon or less than one gallon, in the manner and under the limitations provided in the local option law, and in a county or subdivision of a county where the local option law is in force, is not liable to the occupation tax of a retail liquor dealer as fixed by the Act of 1893. Gen. Laws, p. 177 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 283

**2. Same.**
The adoption of the local option law in any such locality relieves persons engaged in selling liquors therein, for the purposes permitted by the local option law, from the liquor dealer's occupation tax provided for in the said Act of the Legislature . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 283

QUESTIONS CERTIFIED from Court of Civil Appeals for Fifth District, in an appeal from Dallas.

*C. B. Randell,* for appellants.—The general law of the State of Texas taxing the occupation of selling spirituous, vinous, or malt liquors or medicated bitters, is not applicable to local option counties, cities, and precincts where the local option law is in force. The petition charging the sale of alcoholic stimulants in accordance with the local option law of such county, city, or precinct, is bad on general demurrer. Gibson v. The State, 28 S. W. Rep., 1085; Const., art. 16, sec. 20; Rev. Stats., arts. 3226a, 3227, 3228; Acts 23rd Leg., pp. 48, 177; Suth. Stat. Con., secs. 282–284.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals has certified to this court the following questions:

"Is a person engaged in the sale of spirituous, vinous, or malt liquors, in quantities of one gallon, or less than one gallon, in the manner and under the limitations provided in the local option law, and in a county or subdivision of a county where the local option law is in force, liable to the occupation tax of a retail liquor dealer as fixed by the Act of the Legislature of 1893, General Laws, page 177? Or does the adoption of the local option law in any such locality relieve persons engaged in selling liquors therein, for the purposes permitted by the local option law, from the liquor dealer's occupation tax provided for in the said Act of the Legislature?"

Section 1 of the Act of 1893, referred to, provides, "that hereafter there shall be collected from every person, firm, or association of persons selling spirituous, vinous, or malt liquors, or medicated bitters, within this State, an annual tax on each separate establishment, as follows: [Here follows the classification for taxation.] Provided, that nothing in this section shall be so construed as to exempt druggists who sell spirituous, vinous, or malt liquors, or medicated bitters, on the prescription of a physician, or otherwise, from the payment of the tax herein imposed."

The proviso was intended to remove any doubt, if indeed any could exist, as to whether druggists were included in the comprehensive language, "every person, firm, or association of persons," used in the beginning of the section. It adds nothing to, but merely declares, that the general language of the section "shall not be so construed as to exempt druggists." Without the proviso, such would have been the proper construction.

Section 2 provides, that the county may levy a tax equal to one-half of the State, and that an incorporated city or town may levy a tax equal to that levied by the county.

Section 3 provides for an application for license, and payment of all taxes to State, county, and city in advance.

Sections 4 and 5, among other things, provide for the issuance of the license, upon compliance with the provisions of preceding sections, for no greater or less period than one year.

Thus, under the general act, the citizen pays the State and county tax in advance, whereupon it is made the duty of the county clerk to issue to him "a license to sell spirituous, vinous, or malt liquors, or medicated bitters, at the place and in the manner and quantities set forth in the application," for a period of one year. This license confers upon him the right to sell to any one who may wish to buy, with certain exceptions, stated in said act, such as infants, students, etc.

Article 16, section 20, of the Constitution, provides, that "the Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town, or city, by a majority vote, from time to time, may determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

In 1893, the same Legislature which passed the law providing for the issuance of licenses above referred to, passed an act amending the entire local option law. This act prohibits, under severe penalties, the selling, exchanging, or giving away any intoxicating liquors, except wines for sacramental purposes, and alcoholic stimulants as medicines in cases of actual sickness, which can only be sold on prescription of a practicing physician, under strict regulations prescribed by the act, not necessary here to mention.

Thus the general law authorizes the issuance of a license to sell liquor as such, with no limit as to the use, and very little as to the persons to whom sales are to be made; whereas the purpose of the Constitution and act above is to prohibit such sale to any one, except for sacramental or medicinal purposes, in certain localities.

The two acts are essentially antagonistic, and can not both be operative in the same locality at the same time.

We are of the opinion, that the operation of the former act is suspended in any given locality while the latter is in force therein. This was evidently the construction of the Legislature, for in the latter act it is provided, that "in all cases where any person, firm, or association of persons, pursuing the occupation of liquor dealers, under license issued in accordance with the laws of this State, has been or shall hereafter be prevented from pursuing such occupation for the full time to which he would be otherwise entitled, by reason of the adoption of local option in any county, precinct, subdivision of such county, town, or city, a proportionate amount of taxes paid by him for the unexpired time shall be refunded to him."

Certainly provision would not have been made for refunding if it had been intended to permit the formerly licensed occupation to continue, or if it had been the purpose to treat the meager sales allowed under the local option statute as taxable under the general law.

We therefore answer the first interrogatory contained in the above certified question in the negative, and the second in the affirmative.

This view is in accord with the recent ruling of the Court of Criminal Appeals in Gibson v. The State, 29 Southwestern Reporter, 1085.

Delivered May 27, 1895.