T. J. NOLAN ET AL. V. D. J. TENNISON.

Decided May 10, 1899.

1. **Liquor Dealer's Bond—Death of Principal—Action—Abatement.**

Though suit by the State upon a liquor dealer's bond is for a penalty, and will abate on death of the principal (State v. Scheuneman, 18 Texas Civil Appeals, 485), a parent's action for violation of such bond by selling liquor to a minor son is one for liquidated damages, and will survive against the sureties. Following Peavy v. State, 37 Southwestern Reporter, 990.

2. **Same.**

Such suit is upon the bond, and does not abate as to the sureties on the death of the principal, as in case of an action for tort.

APPEAL from the County Court of McLennan. Tried below before Hon. J. N. GALLAGHER.

*D. A. Kelley* and *John L. Dyer,* for appellants.

*T. A. Blair* and *D. H. Hardy,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against T. J. Nolan, a retail liquor dealer, and the sureties on his statutory bond, for $500 damages, alleging that Nolan had sold and given spirituous, vinous, and malt liquors to the plaintiff's son, Frank Tennison, a minor under 21 years of age, etc.

Before the trial in the court below, the defendant Nolan, the liquor dealer and principal on the bond, died, and the other defendants, his sureties, filed a plea in abatement, asserting that the death of Nolan abated the plaintiff's cause of action. The court overruled this plea, and upon trial judgment was rendered for the plaintiff for the sum of $500, and the defendants have appealed. The ruling of the court on the plea in abatement is the only question involved in the appeal.

The bond in question was given in pursuance of and conformity with article 3380 of the Revised Statutes; and if, as contended by counsel for appellants, the recoveries therein authorized in behalf of persons aggrieved by a violation of the bond are to be treated as penalties, then the action abated by the death of Nolan. It has been decided that suits brought by the State to recover for a breach of the liquor dealer's bond, are actions for penalties, and abate with the death of the liquor dealer. State v. Schuenemann, 18 Texas Civ. App., 485. That decision is undoubtedly correct; but it does not follow that the same construction must be given to that portion of the statute authorizing suits by individuals for a breach of the bond.

The language of the statute bearing on the question is as follows: "Which said bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of $500 as liquidated damages, for each infraction of the conditions of such bond, and the said bond shall not be

void on the first recovery, but may be sued on until the full penal sum therein shall have been recovered. In addition to civil proceedings for individual injuries brought on said bond, as above indicated, if any person, firm, or association of persons shall violate any of the conditions of the bond herein required, it shall be the duty of the county and district attorneys, or either of them, to institute suit thereupon in the name of the State of Texas for the use and benefit of the county, and the amount of $500, as a penalty shall be recovered from the principals and sureties upon a breach of any of the conditions thereof."

The statute itself makes a distinction between the recoveries authorized in suits by persons aggrieved and those authorized in suits by the State. The first are classified as damage suits, by designating the sum to be recovered as liquidated damages; and the second are classified as penal actions, by designating the amount to be recovered as a penalty.

It is a matter of common knowledge that, in many instances, indulgence in the use of intoxicating liquors results directly or indirectly in pecuniary loss to the parents or other relatives of the person so indulging; and in view of this fact and of the difficulty which might often be encountered in attempting to ascertain the amount of such loss, it is reasonable to conclude that the Legislature intended the amount recoverable by individuals as compensation for such losses. Furthermore, the sum which the State is authorized to recover is, by the language of the statute, in addition to the sum which may be recovered as liquidated damages by the person aggrieved; and if both of these recoveries be construed to be penalties, the result will be that the Legislature has enacted a law prescribing a double penalty for a single offense; and where there is doubt, it ought not to be held that the Legislature intended to inflict more than one penalty for the same unlawful act.

Following the Court of Civil Appeals for the First district (Peavy v. Goss, 37 Southwestern Reporter, 990), we hold that this is an action to recover liquidated damages, and not a suit for a penalty.

It is also urged in behalf of appellants that the action is founded upon a tort, and for that reason that it abated with the death of Nolan, the wrongdoer, whether the recovery be designated a penalty or damages.

We are unable to sanction this proposition. The cause of action arises out a breach of the bond, and the plaintiff could maintain no action, especially against the sureties, in the absence of the bond. It is true the bond is not, in terms, made payable to the plaintiff, but the statute authorizes him to maintain an action thereon for its breach; and this suit being brought under the statute and upon the bond, must be treated as an action upon a contract.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*

Application for writ of error was dismissed by the Supreme Court for want of jurisdiction.