# May, 1920

### State of Texas v. T. S. Mitchell et al.

No. 2563. Decided May 5, 1920.

(221 S. W., 925.)

**1.—Penal Law—Repeal—Liquor Dealer's Bond.**

There is no vested or contractual right in the State for the recovery of penalties denounced by its statutes, such as those recoverable under article 7452, Rev. Stats., 1911, for violation of the conditions of his bond by a retail liquor dealer, and a repeal of the law providing therefor terminates the right of action for penalties previously incurred unless such action is preserved by the terms of the repealing Act. (P. 501).

**2.—Same—Effect of Adopting Local Option.**

The effect of the adoption of prohibition of liquor sales in certain territory, whether it be regarded as a repeal or as a mere suspension of the general liquor license laws of the State within such territory, is to render such laws no longer in force there and to leave the State without further interest in the collection of penalties to secure their enforcement. Such adoption of prohibition deprives the State of the right to sue for and recover the statutory penalties for the violation of a liquor dealer's bond incurred prior to the adoption of prohibition and while the license law under which such bond was given was in force there. (Pp. 502-505).

Questions certified from the Court of Civil Appeals for the Seventh District, in an appeal from Potter County.

*Henry H. Bishop*, District Attorney, for appellant.—The adoption of the Local Option Law in Commissioners Precinct Number One of Potter County, Texas, did not relieve appellees from their statutory liability for the violation of the provisions of the said liquor dealer's bond which they executed, under which bond appellee, T. S. Mitchell, pursued the business of a retail liquor dealer and committed the violations of the bond complained of, all before the adoption of the said Local Option Law in such Commissioners Precinct. Kerr v. Mohr, 47 Texas, Civ. App., 1; Long v. Green & Co., 100 Texas, 510; State v. Williams, 10 Texas Civ. App., 346; State v. House, 10 Texas Civ. App., 362; Drake v. State, 86 Texas, 330;

Austin v. State, 135 S. W., 1167; Adkinson v. State, 79 S. W., 31;
Hornaday v. State, 63 Kans., 499; Pacific R. Co. v. Cass County,
53 Mo., 17; Words & Phrases, 6103, under "Suspension Distinguish-
·ed" and "Repeal By Implication;" Art. 3257 (3127), Revised
Statutes; Arts. 602, 628, Texas Criminal Statutes of 1911.

*Cooper, Merrill & Lumpkin,* for appellees.—A suit to recover a
statutory penalty for a violation of a retail liquor dealer's bond is
terminated by the taking effect of the local option law. Long v.
Green 95 S. W., 79; Hawthorne v. State, 87 S. W., 839; Thompson
v. Bassett, 5 Ind., 535; Joyce on Intoxicating Liquors, secs. 341,
374; 1 Woolen & Thornton on Intoxicating Liquors, Sec. 463.

The adoption and putting in force of local option in Commission-
ers' Precinct Number One, Potter County, Texas, operated to repeal
all laws in conflict with the local option law within the limits of
said Commissioners' Precinct Number One, and repealed and sus-
pended the laws relating to the sale of intoxicating liquors within
such territory. Robinson v. State, 5 Texas Crim., 155; Boone v.
State, 12 Texas Crim., 184; Ex parte Lynn, 19 Texas Crim., 297;
Gibson v. State, 34 Texas Crim., 220; Ex-parte Cassens, 122 S. W.,
888; Long v. Green, 95 S. W., 79; Rathburn v. State, 88 Texas,
281; State v. Vandenburg, 28 So., 835; Ex parte Neal, 47 Texas
Crim., 441.

Any suit for forfeitures and penalties given by statute, if the
statute is repealed without a saving clause in regard to suits then
pending, must fall. Stewart v. Lattner, 53 Texas Civ. App., 330; ·
State v. T. & N. O. Ry. Co., 125 S. W., 53; Globe Pub. Co. v. State
Bank, 27 L. R. A., 854; 26 Am. & Eng. Enc. of Law 753; 19 Am.
& Eng. Enc. of Law 512; Lewis Statutory Construction, sec. 283.

MR. JUSTICE HAWKINS delivered the opinion of the court.

The action is, in the name of the State of Texas for the use and
benefit of Potter County, and is for recovery of statutory penalties
aggregating $5,000 upon a statutory retail liquor dealer's bond, ex-
ecuted and delivered on September 19, 1910 (under Art. 7452, Rev.
Stats., 1911), for alleged breaches of its conditions occurring prior
to the local option election on Sept. 5, 1911, in Commissioners'
Precinct Number One, of Potter County, in which was located
the place of business mentioned in said bond, by virtue of which
election the sale of intoxicating liquors in· that territory was duly
prohibited pursuant to provisions of our Constitution and statute.
The petition alleged violations of the terms and conditions of said
bond by selling liquor to minors, by permitting minors to enter and
remain in the place of business mentioned in said bond, and by plac-
ing in said place screens by which the view thereto was obstructed.
The suit was filed after the local option law had been adopted, and
had gone into operation, in that territory.

In connection with its statement of the facts our Court of Civil Appeals for the Seventh Supreme Judicial District, at Amarillo, certified these questions:

"First:—Under the above facts stated, did the trial court err in sustaining the plea in abatement and in abating and dismissing the suit filed by appellant, the State of Texas?

"Second:—Could the State of Texas maintain the suit for the penalties therein sued for after the adoption of the local option law in the precinct where the business of retail liquor dealer, by Mitchell, was carried on for the violation of the stipulation in the retail liquor dealer's bond, executed by appellees, before the adoption of the local option law, and which violations were alleged to have occurred prior to the adoption of the local option law in that precinct?"

The certificate refers to San Saba County v. Williams, 10 Texas Civ. App., 346, 30 S. W., 477, decided in 1895, by our Court of Civil Appeals for the Third District, at Austin, as holding that the right of recovery for a breach of such bond is a contractual vested right which may not be impaired by a subsequent adoption of the local option law; and to Long v. Green, 95 S. W.. 79, decided in 1906, by said Court of Civil Appeals for the Third District, as holding that the right of action for statutory penalties on such a bond was terminated by the taking effect of the local option law; and to Kerr v. Mohr, 47 Texas Civ. App., 1, 103 S. W., 210, decided in 1907, by our Court of Civil Appeals for the Fifth District, at Dallas, as holding that the right to sue on such a bond was not terminated by adoption of the local option law.

The issue is, in substance, whether the fact that the local option law became effective in that territory after the dates upon which said breaches are alleged to have occurred justified the District Court in sustaining appellees' plea in abatement and dismissing the suit, the corresponding allegations of said plea in abatement being true admittedly.

The question seems not to have been definitely settled by this court, although in the above mentioned cause of Long v. Green, in dismissing the cause for want of jurisdiction upon the ground that inasmuch as the amount sued for was within the jurisdiction of the County Court the cause was one in which the jurisdiction of the Court of Civil Appeals was final, this court did say that, overlooking said jurisdictional point, the writ of error had been granted by this court because it did not agree with the view of the lower courts, which was that putting the local option law into operation had the legal effect of *repealing* the statute conferring the right of action for penalties for prior breaches of the bond, and, as a legal consequence, of abating the then pending action for such penalties. 100 Texas, 510, 101 S. W., 786.

San Saba County v. Williams is not relied upon, in the present case, by counsel for appellees, their contentions being, first, that the present action is for purely statutory penalties, and, second, that putting the local option law into operation repealed, in that territory, said general law regulating sales of intoxicating liquors, including all of its provisions relating to such bond and penalties.

Said first contention must be sustained. The present action is not one for enforcement of contractual vested rights. Such a bond does not create between its makers, upon the one hand, and, upon the other hand, the State or any beneficiary, a contractual relationship in such sense as to cause a vested right of action for penalties to flow from breaches of such bond. The contrary view announced in San Saba County v. Williams, has been abandoned by the court which entertained it in that case. Nolan v. Tennison, 21 Texas Civ. App., 332, 50 S. W., 1028; Long v. Green, 95 S. W., 79.

Whatever view may have prevailed, at any time, in any other State (Joyce, Int. Liq., Sec. 558), it is now well settled in this State that such actions are merely for purely statutory *penalties*, of strictly punitory nature, which are provided by statute as aids in the enforcement of regulatory provisions of a criminal law, the primary purpose being to deter individuals from any future violation of the general law licensing the retail sale of intoxicating liquors. State v. Eggerman & Co., 81 Texas, 571, 16 S. W., 1067; Johnson v. Rolls, 97 Texas, 453, 79 S. W., 513; Peavy v. Goss, 90 Texas, 89, 37 S. W., 317; State v. Savage, 105 Texas, 467, 151 S. W., 530; State v. Schuenemann, 18 Texas Civ. App., 485 46 S. W., 260 (writ of error refused); State v. Stoutsenberger, 4 Texas, App. C. C., Sec. 247, 16 S. W., 304; Hillman v. Mayher, 38 Texas Civ. App., 377, 85 S. W., 818; Jessee v. De Shong, 105 S. W., 1011; Goodrich v. Wallis, 143 S. W., 285. See, also; United States v. Choteau, 102 U. S., 603, 26 L. Ed., 246; Railway v. Humes, 115 U. S., 513, 29 L. Ed., 463, 6 Sup. Ct., 110.

Our statute itself expressly provides that when, as in this instance, the suit is in the name of the State for the use and benefit of the county, "the amount of five hundred dollars as a penalty shall be recovered" upon a breach of any condition of the bond. Rev. Stats., Art. 7452.

The brief of the District Attorney, for the State, frankly concedes that the nature of the cause of action is as hereinabove declared, and that any *repeal* of the statute which confers such right of action would abate the action; but he contends that putting the local option law into operation did not have such repealing effect.

Unquestionably the repeal of a criminal statute providing a penalty or penalties prevents enforcement of any such penalty, in the absence of a statutory provision preserving the right of action. Our Penal Code provides: "The repeal of a law, where the repealing statute substitutes no other penalty, will exempt from punishment

all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute.'' Art. 16.

To the same effect are the authorities generally. Wall v. State, 18 Texas, 696, 70 Am. Dec., 302; State v. Robinson, 19 Texas, 478; Greer v. State, 22 Texas, 588; State v. Savage, *supra;* Sheppard v. State, 1 Tex. App., 522, 28 Am. Rep., 422; Boone v. State, 12 Tex. App., 184; Hall v. State, 52 Texas, Cr., 195, 106 S. W., 149, and cases cited; Etter v. Railway Co., 2 Tex. App. C. C., Sec. 61; Gulf, C. & S. F. Ry. Co. v. Lott, 2 Texas App. C. C., Sec. 63; Long v. Green, *supra.* Stewart v. Lattner, 53 Texas Civ. App., 330, 116 S. W., 860; Goodrich v. Wallis, *supra;* Jessee v. De Shong, *supra;* Mulkey v. State, 16 Tex. App., 53; Yeaton v. United States, 5 Cranch, 281; L. Ed., 101; Ewell v. Daggs, 108 U. S., 143 27 L. Ed., 682, 2 Sup. Ct., 408; State v. Smiley, 101 N. C., 709, 7 S. E., 904; Wheeler v. State, 64 Miss., 462, 1 So., 632; Vance v. Rankin, 194 Ill., 625, 62 N. E., 807, 88 Am. St. R., 173; Black, Int. Liq., Sec. 106; Cooley, Const. Lim. (6 Ed.), p. 469; 26 A. & E. Ency. L. (2 Ed.), 755.

We have, it seems, no statute carrying express provision for keeping alive rights of action for penalties on such bonds for breaches thereof antedating such adoption of the local option law.

Article 602 (407) (378e) of our Penal Code, adopted after rendition of the decision in Mulkey v. State, *supra,* does provide that ''When the sale of intoxicating liquor has been prohibited in any county, justice precinct, school district, city or town, or subdivision of a county, the repeal of such prohibition shall not exempt from punishment any person who may have offended against any of the provisions of the law while it was in force.'' Its constitutionality was affirmed by our Court of Criminal Appeals. Ezzell v. State, 29 Texas Crim. R., 521, 16 S. W., 782.

But that provision of the statute deals exclusively with sales in local option territory, and its terms and provisions are, therefore, too restricted to embrace violations of the general statute regulating sales in territory not then under operation of the local option law. It is not cited in the District Attorney's brief in behalf of the State.

From the foregoing it follows that if putting the local option law into operation in said precinct is to be treated as having *repealed,* outright, in that territory, said general law which formerly provided for licensing and regulating the sale of intoxicating liquors, and for the giving of such bond, and for actions for penalties for breaches thereof, a right of action for such penalties cannot be successfully asserted in court, after such repeal, both because of said provisions of said Art. 16 and for the all sufficient reason that said statute is no longer operative, in that precinct. And, very clearly, for the latter reason, the same status, as to recovery of such penalties, exists, if said general liquor statute is to be treated

as having been in all respects *suspended* in said precinct during the operation therein of the local option law.

Upon principle there seems to be force in the view that the local option provisions of our Constitution and statutes were never intended to operate, in even local option territory, as a technical or actual repeal of all or of any portion of said general law regulating the sale of intoxicating liquors. In its support it may be said that adoption of the local option law in said precinct certainly left said general law in full and unrestricted operation throughout the State, except in local option territory; and in even said precinct said general law would have become again effective, in all respects, upon cessation of the local option law, in that precinct, as a result of a subsequent local option election.

Whether the legal effect of the adoption of the local option law was merely to *suspend,* rather than to *repeal,* in said precinct, said general liquor law, seems not to have been definitely determined, or set at rest, by the decisions of the courts of this State.

As tending to support said *suspension* theory, see the following Texas cases: Rathburn v. State, 88 Texas, 281, 31 S. W., 189; Long v. Green, 100 Texas, 510, 101 S. W., 786; Kerr v. Mohr, 47 Texas Civ. App., 1, 103 S. W., 210. That theory is strongly supported by the following authorities: Ex parte Swann, 96 Mo., 44, 9 S. W., 10; State v. Beam, 51 Mo. App., 368; Butler v. State, 25 Fla., 347, 6 So., 67; State v. Smith, 26 Fla., 427, 7 So., 848; Stringer v. State, 32 Fla., 238, 13 So., 450; Cason v. State, 37 Fla., 331, 20 So., 457; Mernaugh v. Orlando, 41 Fla., 433, 27 So., 34; Hearn v. Brogan, 64 Miss., 334, 1 So., 246; Winterton v. State, 65 Miss., 238, 3 So., 735; Norton v. State, 65 Miss., 297, 3 So., 665; People v. Wade, 101 Mich., 89, 59 N. W., 438; Sturgis v. Spofford, 45 N. Y., 446; Black, Int. Liq., Sec. 104; 19 A. & E. Enc. L. (2 Ed.), 512; 15 R. C. L, Sec., 96; 23 Cyc., 92, and cases cited.

But said *repeal* theory is strongly supported by several holdings by our former Court of Appeals. In Boone v. State, 12 Texas, App., 184, that court held, squarely, that the effect of the adoption of local option was to *repeal* a preexisting statute authorizing the sale of intoxicating liquor, in so far as its operation in the local option territory was concerned, and that, as a consequence, Art. 16, Penal Code, was applicable, and statutory penalties for prior violations of that statute could not be enforced. See, also, Donaldson v. State, 15 Tex. App., 25; Ex parte Lynn, 19 Texas, App., 293. That theory is supported, to some extent, by various general expressions of more or less incidental nature in various opinions in cases decided by our Court of Criminal Appeals, some being in dissenting opinions; but in several opinions by various members of that court there are, incidentally, various general expressions which are consistent with the idea that adoption of the local option law merely *suspends,* within that territory, conflicting provisions of the general liquor law.

Gibson v. State, 34 Texas Cr. R., 218, 29 S. W., 1085; Snearley v. State, 40 Texas Cr. R., 513, 52 S. W.,·547; Atkinson v. State, 46 Texas Cr. R., 229, 79 S. W., 31, 3 Ann. Cas., 839; Ex parte Neal, 47 Texas Cr. R., 441, 83 S. W., 831; Ex parte Vaccarezza, 52 Texas Cr. R., 116, 105 S. W., 1119; Ex parte Cassens, 57 Texas Cr. R., 377, 122 S. W., 890; Ex parte Mode, 77 Texas, Cr. R., 432, 180 S. W., 732.

Which of those theories is sound we need not now determine, the present action being, as we have held, for purely statutory penalties in the nature of a punishment designed .to prevent future violations of regulatory provisions of said general liquor law.

Under such circumstances it is undeniably true that either a repeal or a continuing suspension of said general law, which required said bond and prescribed said penalties, and conferred a right of ·action thereof, will, if found to exist, require that said plea in abatement of such action be sustained.

Were the right relied upon in this action a contractual vested right, it might, perhaps, be urged, with force, that repeals or suspensions by implication are not favored in law, but arise from necessity only, and that the full operation of the local option law is not impeded by contemporaneous operation of so much of said general liquor law as authorizes a recovery for breaches of said bond, and that, as a result, said plea in abatement should not prevail. But such, we have held, is not the nature of this action; and, as a consequence, that course of reasoning is inapplicable.

The broad purpose of said general liquor law was to license and otherwise regulate the general sale of intoxicating liquor at retail. Said bond was merely incidental and ancillary to that purpose. The right to sell liquor under the provisions of that general law, even in conformity with the conditions of said bond, does not presently exist, and could not legally have been exercised during the operation of the local option law in said precinct. Under such circumstances what continuing purpose of the law calls, now, for infliction of such penalties, even though they were incurred prior to said adoption of the local option law in that precinct? Can it be said that present enforcement of said penalties will tend to prevent, in said precinct, violations of regulatory provisions of said general liquor law, the main purpose of which law is not and cannot longer be operative or effective in that territory? How, if at all, would present or future infliction of said penalties tend to promote, as originally intended, due observance of the regulatory provisions of said general liquor law, thereby bringing into conformity with its provisions, and, more particularly, into conformity with the terms and conditions of said statutory bond, the sale of intoxicating liquor thereunder in said precinct? Very plainly said bond was required with a view to bringing all sales of intoxicating liquor at retail into strict conformity with the provisions of said general liquor law, including those relating to the

conditions set out in said bond; but from and after the moment when, because of the paramount nature and operation of said local option law, any and all sales, in that precinct, under said general liquor law, became prohibited, what further concern had the law—the State—in the future observance, in that precinct, of the provisions of said general liquor statute, or of the conditions of said bond? In that moment in which the local option law became exclusively operative in said precinct the law's concern in the due enforcement of said general liquor law in that precinct became inoperative, and, as a corollary, the law's concern for the infliction of penalties as a means solely to the due enforcement of said general liquor law became, and still remains inoperative. That being true, said plea in abatement should have been sustained.

Between our conclusion in this case and the decision of this court in State v. Drake, 86 Texas, 329, 24 S. W., 790, wherein, upon comparison of Section 9 of the Act of May 6, 1893, with Section 4 of the Act of March 29, 1887, both relating to the conditions of the bond required of a retail liquor dealer, there is no conflict. Therein the general purpose of the two laws being substantially the same, the similarity between the conditions prescribed for such bonds was treated as being indicative of a legislative purpose not to repeal the corresponding provisions of the earlier law relative to such conditions. In this instance, and wholly apart from any and all features of similarity between the conditions of the bond prescribed by said general liquor law, Article 7452, and the conditions of the bond prescribed by said local option law, Article 7475, the conflict between those two statutes is obvious, rendering comparison between the conditions of such bonds useless.

Each of said certified questions is answered negatively. Opinion delivered May 5, 1920.

MR. CHIEF JUSTICE PHILLIPS concurring.

The only question in this case is whether at the time it was sought to adjudge the penalties there was in force, where the offenses occurred, the law without which the penalties could not be adjudged. It plainly was not so in force, and therefore the suit for the infliction of the penalties could not be maintained.

In my opinion this is the correct ground for the decision, and other considerations are immaterial.